NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jesse J. AVERHART,

    Plaintiff,

v.

COMMUNICATIONS WORKERS OF AMERICA, Lawrence COHEN, Christopher SHELTON, Hetty ROSENSTEIN, CWA LOCAL 1033, and Rae ROEDER,

    Defendants.

Civil No. 10-6163 (AET)

**OPINION & ORDER**

THOMPSON, U.S.D.J.

I.   INTRODUCTION

    This matter has come before the Court upon Plaintiff Jesse J. Averhart's Motion to Remand [docket # 9]. Defendants CWA Local 1033 and Rae Roeder (the "Local Defendants") oppose the motion [12]. Defendants Lawrence Cohen, Communications Workers of America, Hetty Rosenstein, and Christopher Shelton (the "CWA Defendants") also oppose the motion [13]. The Court has decided the motions upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons stated below, the Plaintiff's motion is denied.

II. BACKGROUND

    Plaintiff is a member of CWA Local 1033 ("Local 1033"), a local union comprised solely of public employees. (Supp. to Mot. to Remand Ex. A, Complaint, at ¶ 4) [9-2]. Communications Workers of America ("CWA Union") is a "mixed" association of public and private employees and is Local 1033's parent union. (*Id.* at ¶ 6.) The CWA Union and Local

1033 are governed by the CWA Constitution. (*Id.* at ¶ 14.) According to the Plaintiff, Local 1033 has violated the CWA Constitution in three ways: (1) it has failed to establish an active organizing committee, (*id.* at ¶ 16); (2) it has failed to provide an itemized accounting of disbursements of member dues beyond generic audit reports, (*id.* at ¶ 19); and (3) its officer elections were tainted with various improprieties, (*id.* at ¶¶ 40–44). Plaintiff previously filed with CWA District 1 Vice President Christopher Shelton charges regarding Local 1033's failure to establish and maintain an organizing committee during the 15-year tenure of the Local's president, Rae Roeder. (*Id.* at ¶ 16.) Although it is unclear from the Complaint, it appears that the CWA Union's investigation into these practices was unfavorable to Plaintiff, because Plaintiff later appealed the investigative report, (*id.* at ¶¶ 23–29). Shelton concluded that Plaintiff's appeal was untimely, (*id.* at ¶ 30), and Plaintiff's subsequent appeal of Shelton's determination was denied by CWA President Lawrence Cohen on September 3, 2010, (*id.* at ¶ 30).

On October 25, 2010, Plaintiff filed the Complaint with the Superior Court of New Jersey against Defendants the CWA Union, Local 1033, Roeder, Shelton, Cohen, and the Director of CWA New Jersey, Hetty Rosenstein. Plaintiff's Complaint alleges that the Local 1033 breached its fiduciary and contractual duties to the Plaintiff by failing to adhere to the CWA Constitution in the ways stated above. (*Id.* at ¶¶ 57–58, 65.) The Complaint further alleges that the CWA Union aided and abetted these breaches, and denied Plaintiff and other members of their rights to certain election procedures under the LMRDA. (*Id.* at ¶¶ 57, 65, 73–74.) On November 24, 2010, Defendants CWA, Cohen, Shelton and Rosenstein filed a timely Notice of Removal in this district [1]. On November 29, 2010, Defendants Local 1033 and Rae Roeder timely consented to removal [2]. On December 30, 2010, Plaintiff filed the present Motion to Remand [9].

III. ANALYSIS

**A. Mandatory Remand Under 28 U.S.C. § 1447(c)**

A case removed from state court must be remanded if, at any time before final judgment, the district court finds that it lacks subject matter jurisdiction to hear the case. *See* 28 U.S.C. § 1447(c). The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Any doubts with respect to the propriety of removal are to be "resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted). For removal to be proper, the federal court must have original jurisdiction to hear the case. *See* 28 U.S.C. § 1441(a). One basis of original jurisdiction is federal question jurisdiction, which applies to civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). In determining whether a case arises under federal law, a court applies the "well-pleaded complaint" rule, whereby removal is proper if a federal question appears on the face of the complaint. *Higgins*, 281 F.3d at 389.

Here, Plaintiff's Complaint states a federal LMRDA claim against the CWA Defendants. Specifically, in Count III, Plaintiff asserts that "Private sector workers of this 'mixed bodied' union have the right under Title IV of the LMRDA (29 U.S.C. [§] 481) to nominate candidates for office, run for office, vote by secret ballot, and protest an election that wasn't run fairly." (Compl. at ¶ 71.) Plaintiff further alleges with respect to "violations that may have affected the outcome of the election under the LMRDA" that "Plaintiff and members of [Local 1033] have been unduly deprived of these latter and other protective rights." (*Id.* at ¶¶ 73–74.) These allegations are sufficient to raise a federal question on the face of the Complaint.

Plaintiff argues that remand is warranted because his ability to sue a mixed union like the

CWA Union in federal court is "questionable at best." (Reply Br. 2) [15]. We disagree. Although the Third Circuit has not addressed the issue, other Circuits have stated that public employee suits may proceed against mixed unions. The District of Columbia Circuit has held that the LMRDA protects a member of a public-employee local union from the actions of that local's parent where the parent is a mixed union. *See Wildberger v. Am. Fed. of Gov't*, 86 F.3d 1188, 1192–93 (D.C. Cir. 1996). In reaching this conclusion, the D.C. Circuit relied upon the Eleventh Circuit's broader holding that "[i]f a union is subject to the LMRDA, then all of its members, whether employed by the private or public sector, are protected by the Act's bill of rights." *Id.* (citing *Hester v. Int'l Union of Operating Eng'rs*, 818 F.2d 1537, 1542 n.13 (11th Cir. 1987)).

Thus, the Defendants' removal was proper given the federal question jurisdiction evident in the Complaint, and we cannot remand under § 1447(c).

### B. Discretionary Remand Under 28 U.S.C. § 1441(c)

Although mandatory remand is inappropriate given that federal question jurisdiction applies here, we proceed to consider Plaintiff's request for discretionary remand pursuant to 28 U.S.C. § 1441. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within [a court's federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Under this section, a district court's discretion to remand is only triggered by the joinder of a separate and independent claim with non-removable claims. Absent this threshold requirement, the mere existence of predominating State law claims is irrelevant. The Supreme Court and the Third Circuit have clarified that "where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c)." *Borough of W. Mifflin v.*

*Lancaster*, 45 F.3d 780, 786 (3d Cir. 1995) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)).

      Here, Plaintiff's claims as to Local 1033 and the CWA Union arise from an interrelated series of events and therefore are not separate and independent. Thus, we cannot grant discretionary remand under § 1441(c).

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 8th day of March, 2011,

ORDERED that Plaintiff's Motion to Remand [docket # 9] is denied.


                         _/s/ Anne E. Thompson_
                         ANNE E. THOMPSON, U.S.D.J.