UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JESSE AVERHART,                                  Civil Action No. 10-6163 (AET)

        Plaintiff,

        v.                                       MEMORANDUM OPINION

CWA LOCAL 1033, et al.,

        Defendants.

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Jesse Averhart's ("Plaintiff") motion seeking leave to file an Amended Complaint [Docket Entry No. 39]. Defendants CWA Local 1033 and Rae Roeder (the "Local Defendants") oppose the motion [Docket Entry No. 44]. Defendants Lawrence Cohen, Communications Workers of America, Hetty Rosenstein, and Christopher Shelton (the "CWA Defendants") have also filed an opposition [Docket Entry No. 46]. The Court has fully reviewed the papers submitted in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's motion is DENIED.

I.     **Background and Procedural History**

In October, 2010, Plaintiff filed his Complaint against Defendants in State Court alleging violations of the Communications Workers of America Union Constitution ("CWA Constitution") as well as violations of the Labor-Management Reporting and Disclosure Act ("LMRDA"). The matter was removed to Federal Court in November, 2010. The parties have engaged in discovery and Plaintiff was twice granted an extension to the deadline for filing a

motion to amend [Docket Entry Nos. 24 & 38].  On November 21, 2011, Plaintiff filed the present motion [Docket Entry No. 39] seeking leave to file an Amended and Supplemental Complaint.

Plaintiff's original Complaint alleges three causes of action.  The first cause of action involves Defendants' alleged violation of the CWA Constitution for failing to organize unorganized members pursuant to Article XIII, § 9 of the CWA Constitution.  The second cause of action alleges that Defendants failed to fully disclose financial disbursements of the union dues as required by Article XIII, § 9 and § 11 of the CWA Constitution.  Finally, Plaintiff's third cause of action alleges that Defendants failed to provide secret ballot voting for the election of officers in violation of Article XIII, § 9 of the CWA Constitution and in violation of Title IV of the LMRDA, 29 U.S.C. § 481.  Plaintiff sought damages in the form of declaratory judgments and injunctive relief.

Plaintiff now seeks to amend his Complaint to "nam[e] defendants in their official and individual capacities"; to "allege facts justiciable pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-02"; to "add a demand for a jury trial"; to "allege facts and claims for violation of Title I, Bill of Rights of Members of Labor Organization, 29 U.S.C. §§411-415"; to "supplement, to add relief for compensatory and punitive damages"; to "supplement, to add relief for attorney fees"; and to provide a "clarification of allegations and relief requested." *Plaintiff's Memorandum in Support of Motion*, Docket Entry No. 39-1, *4.

In his Memorandum, Plaintiff explains that the Court's ruling on his Motion to Remand, dated March 8, 2011, alerted him of his rights under the LMRDA and, presumably, prompted him to file this motion. *Plaintiff's Memorandum*, at *5.  Plaintiff provides a brief description of

2

the history of the case.  Plaintiff states that the Defendants' actions during the 2005 and 2008 elections, of which he complained in his original Complaint, were repeated during the 2011 election. *Id.* at *8.  Plaintiff explains that he is seeking to amend and supplement his Complaint prior to the 2015 election as a preventative measure. *Id.* at *9.

Plaintiff argues that his amendments should be permitted under FED.R.CIV.P. 15(c). Plaintiff states that the events which form the basis of his Amended Complaint began in 2005 and continued through 2011, thus he asserts that he meets the requirements of Rule 15(c)(1)(B). He again states that it was the Court's ruling on his Motion to Remand which informed him that his Complaint contained a claim which fell under federal jurisdiction. *Id.* at *10.

Plaintiff also argues that he fulfills the requirements of Rule 15(c)(1)(C).[1]  He states that the proposed defendants would not be prejudiced by their addition to this claim because they had constructive notice of this lawsuit because they shared an attorney with the original defendants and because they share and identity of interest with the original defendants. *Id.* at *10-11.

Plaintiff further asserts that there has been no undue delay, bad faith or dilatory motive on his part which would preclude his amendments.  He also asserts that there would not be any prejudice to defendants if his motion is granted. *Id.* at *11. Finally, Plaintiff argues that he should be entitled to supplement his Complaint under Rule 15(d) and that he is entitled to a jury trial. *Id.* at *12, 13-15.

---

[1]Throughout his brief, Plaintiff refers to Rule 15(c)(3) and its sub-parts and asserts that he fulfills their requirements.  The Court notes that FED.R.CIV.P. 15(c)(3) does not exist following the amendment of the Federal Rules of Civil Procedure in 2007.  However, there is sufficient explanation provided in Plaintiff's brief for the Court to infer that Plaintiff means to refer to Rule 15(c)(1)(C).

The Local Defendants oppose Plaintiff's motion.  The Local Defendants first argue that Plaintiff's Proposed Amended Complaint is essentially a re-write and bears little semblance to the original Complaint.  The Local Defendants assert that the Proposed Amended Complaint contains broad and conclusory allegations and fails to establish a cause of action.

The Local Defendants also argue that Plaintiff's proposed amendment to name thirty-nine (39) new, individual defendants in their individual and official capacities is prejudicial to those proposed defendants.  Specifically, the Local Defendants point out that Plaintiff has simply identified the proposed defendants, but has not provided any factual basis for their involvement in this lawsuit other than their status as board and committee members.

The Local Defendants assert that Plaintiff is barred by the statute of limitations from adding causes of action against the proposed defendants relating to the 2005 and 2008 elections. Defendants argue that the claims against the proposed defendants cannot "relate back" under 15(c)(1)(C) as Plaintiff suggests, because there was never any confusion as to the proposed defendants' identities, nor has their identities been discovered, since the time Plaintiff filed the original Complaint.  The Local Defendants further argue that Plaintiff has not exhausted all his remedies under the CWA Constitution as required under the LMRDA.

The CWA Defendants have filed a letter in support of the Local Defendant's opposition to Plaintiff's motion.  The CWA Defendants reiterate that Plaintiff's proposed Amended Complaint is, in essence, an entirely new Complaint. The CWA Defendants point out that Plaintiff does not identify the specific changes that he seeks to make, which places the burden on defendants and on the Court to determine the details and nature of his amendments.  The CWA Defendants also state that allowing Plaintiff to amend his Complaint as proposed will cause

undue delay.

Similar to the Local Defendants, the CWA Defendants argue that Plaintiff's motion should be denied because the amendments are futile.  With respect to Plaintiff's First, Second and Third causes of action, the CWA Defendants assert that Plaintiff has only made broad allegations; thus, the CWA Defendants state that Plaintiff has failed to state a cause of action. With respect to Plaintiff's Fourth cause of action, the CWA Defendants assert that the proposed amendments are unduly prejudicial to the CWA Defendants because Plaintiff has failed to list any specific facts to support his legal claims and because Plaintiff has failed to attribute any action or inaction to the CWA Defendants which would provide them with notice as to the reasons behind their inclusion in Plaintiff's claim.

The CWA Defendants further assert that Plaintiff's proposed amendments, as they relate to the 2005 and 2008 causes of action, are barred by the statute of limitations.  Finally, the CWA Defendants assert that Plaintiff failed to amend in a timely manner and has not provided a sufficient explanation for his delay.

Plaintiff has filed a Reply brief.  In it, he argues that Defendants' futility argument must fail because Plaintiff has sufficiently pled his claims.  Plaintiff asserts that a six (6) year statute of limitations should apply to his breach of fiduciary duty claims, citing *Balliet v. Fennel*, 368 N.J. Super. 15, 21 (App. Div. 2004). *Plaintiff's Reply*, Docket Entry No. 48, *11.  Plaintiff also appears to suggest that the Court should grant him an "equitable exception to the statute of limitations,"citing *Lopez v. Sawyer*, 62 N.J. 267, 272 (1973) and *Podobnik v. United States Postal Service*, 409 F.3d 584 (3rd Cir. 2005). *Reply* at *12.  Plaintiff explains that he exercised "reasonable diligence in discovering and pursuing claims under the LMRDA;" therefore, he

argues that the statute of limitations should be tolled. *Id.* Further, Plaintiff asserts that Defendants "actively misled" Plaintiff and that Plaintiff "detrimentally relied" upon Defendants' conduct such that Plaintiff should be entitled to equitable estoppel tolling the statute of limitations under *Miller v. Miller*, 97 N.J. 154, 163 (1984). *Reply* at *13. Plaintiff cites a number of other cases which he alleges supports his equitable estoppel argument. *Id.* at *14.

Plaintiff also raises the Continuing Violation Doctrine and the Continuing Tort Doctrine in support of his general assertion that the statute of limitations does not preclude him from adding claims relating to the 2005 and 2008 elections. *Id.* at *14-15. The Court notes that these are new arguments which Plaintiff cannot raise in a Reply certification.

With respect to Defendants' arguments that Plaintiff has not exhausted his remedies under the CWA Constitution as required by the LMRDA, Plaintiff asserts that the Court should excuse his failure to exhaust internal remedies and he discusses the three factors addressed by the courts in *Clayton v. Intern. United Auto. Workers*, 451 U.S. 679, 688 (1981) and *Johnson v. General Motors*, 641 F.2d 1075, 1078 (2d Cir. 1981). *Reply* at *16-17.

Finally, Plaintiff broadly asserts that the exhaustion of remedies requirement is "not applicable to Title V claims where it has been held 'that there is no mandatory exhaustion of internal remedies requirement in suits brought under Section 501 of the LMRDA'." *Reply* at *17; citing *Purcell v. Keane*, 277 F.Supp. 252 (E.D. Pa 1967); *Sabolsky v. Budzanoski*, 457 F.2d 1245 (3d Cir. 1972).

**II.     Standard of Review**

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally given freely.

*See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir.

2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of

undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be

liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)

Where a party seeks to make an amendment after the statute of limitations has passed,

that party must also establish that the amendment is appropriate under FED.R.CIV.P. 15(c). Rule

15(c) sets forth the circumstances under which an amendment "relates back" to the date of the

timely filed original pleading. If an amendment "relates back" under Rule 15(c), it is considered

timely even though it was filed outside the application limitations period.  *Krupski v. Costa*

*Crociere S.p.A*, 130 S.Ct. 2485, 2489 (2010).

With respect to proposed claims, Rule 15(c)(1)(B) states that an amendment to a pleading

relates back to the date of the original pleading when "the amendment asserts a claim or defense

that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the

original pleading." FED.R.CIV.P. 15(c)(1)(B).  When the proposed amendment seeks to change or

add a party, the Rule provides that the amendment relates back when "Rule 15(c)(1)(B) is

satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint,

the party to be brought in by amendment: (i) received such notice of the action that it will not be

7

prejudiced on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED.R.CIV.P. 15(c)(1)(C).

The Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge of its timeliness in seeking to amend the pleading." *Krupski*, 130 S.Ct. at 2490.  In *Krupski* the Supreme Court concluded that the most important factor to consider is whether the newly named defendant had some form of notice that they might be a named party.  When evaluating whether potential defendants received notice within Rule 4(m)'s 120-day period, the Third Circuit has held that notice is sufficient when a party has a reasonable expectation of being named a defendant after learning about the litigation through some informal means. *See Singletary v. Penn. Dept. Of Corrections*, 266 F.3d 186, 195 (3d Cir. 2001).  Furthermore, "the notice received must be more than notice of the event that gave rise to the cause of action, it must be notice that the plaintiff has instituted the action. *Id.* (citing *Bechtel v. Robinson,* 886 F.2d 644, 652 n.12 (3d Cir. 1989)).

In *Singletary*, the Third Circuit applied the "identity of interest" method for determining whether the defendant had notice; this test looks at whether the newly named party and the previously named defendant are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other." *Id.* at 198 (citing 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1499, at 146 (2d ed. 1990)).  Another method of imputing notice to a proposed defendant is via the "shared attorney" method, under which the defendant to be added is deemed to have received timely

notice of the plaintiff's claims because that person is currently being represented by an attorney who represents an originally named defendant.  *See Singletary*, 268 F.3d at 198.

### III. Analysis

In this case, Plaintiff wishes to add both new causes of action and additional defendants. Plaintiff certifies that he submits this motion in good faith and the Court finds that it was filed in a timely manner and without undue delay.  Despite the age of the docket, neither party argues that significant discovery has been exchanged and, indeed, the record reflects that the parties have not engaged in discovery on any substantial level.  In addition, this motion was filed within the time parameters of the scheduling order in this case, due to Plaintiff having twice successfully applied for an extension for the deadline for filing a motion to amend.

However, Plaintiff's proposed amendments, as they relate to the 2005 and 2008 elections, are clearly beyond the applicable statute of limitations of 2 years under the LMRDA.  In his moving papers, Plaintiff states that the proposed amendments "relate back" to the occurrences described in his original Complaint and, as such, Plaintiff asserts that the amendments should be permitted pursuant to Rule 15(c)(1).  In his Reply Certification, Plaintiff also argues that the Court should apply a six year statute of limitations due to his breach of fiduciary duty claims or, in the alternative, that the statute of limitations in this case should be tolled because of the Continuing Violation Doctrine, Continuing Tort Doctrine or for various equitable reasons. *See Plaintiff's Reply*, Docket Entry No. 48, *11-14.  As noted above, the Court will not entertain these arguments because Plaintiff raises them for the first time in his Reply Certification. Therefore, Plaintiff's sole basis for his argument permitting the amendments pertaining to the

2005 and 2008 elections beyond the statute of limitations period is his assertion that the proposed amendments meet the relation back standards set forth in Rule 15(c)(1).  Thus, the Court will analyze the appropriateness of his amendments under Rule 15(c)(1).

### A.  Proposed Additional Defendants - Rule 15(c)(1)(C)

The most important factor to consider in determining whether the relation back standard has been met as related to newly proposed parties is whether the newly named defendant had some form of notice that it might be a named party. *Krupski*, 130 S.Ct. at 2489-90; Rule 15(c)(1)(C)(i).  Plaintiff broadly asserts that the proposed defendants had sufficient notice and will not be prejudiced by their addition to the Complaint because they shared an attorney with the original defendants and because there exists an "identity of interest" between the proposed and existing defendants. *Plaintiff's Reply* at *11.  Plaintiff does not provide any specific facts or additional details which support these assertions.  There does not appear to be any information, either in Plaintiff's brief in support of his motion or in his Proposed Amended Complaint, which indicates that the proposed defendants have any connection to Plaintiff's claims or to the original defendants other than their statuses as elected officials or representatives in the CWA Union and the Local 1033.  There is no information presented which supports Plaintiff's assertion that the proposed defendants, whose locations are scattered across the country, actually shared an attorney with the original defendants.  Further, in light of the vague descriptions of the proposed defendants and the complete absence of any factual allegations which would implicate their involvement with the original defendants' alleged actions, there is nothing before the Court which could suggest that the proposed and existing defendants are "so closely related in their business operations or other activities that the institution of an action against one serves to

10

provide notice of litigation to the other." *Singletary* at 198.

Presumably, Plaintiff's argument is that the proposed defendants' statuses as "individual leaders" of the CWA Union and the Local 1033 afforded them sufficient notice of this action to satisfy the requirements of Rule 15(c)(1)(C)(i). *Plaintiff's Memorandum* at *10. However, given the sheer quantity of persons who may fit this vague description, the Court finds that "such a sweeping description lacks the appropriate specificity required to give reasonable notice." *Cruz,* 898 F.Supp at 1100. Further, the proposed defendants whom Plaintiff asserts are "individual leaders" include District Vice Presidents, Sector Vice Presidents, Area Directors, Treasurers, Supervisors of various levels, Secretaries, Administrative Clericals, and general members of the Local Election Committee. *See Plaintiff's Proposed Amended Complaint* at *2-6. There is nothing before the Court which would suggest that any of these alleged "individual leaders" share any nexus of interest with the original defendants due to their statuses in the CWA or the Local and, thus, Plaintiff has not established that the proposed defendants had any sort of notice of this litigation. The Court further notes that Plaintiff did not even provide a general description in the Original Complaint, such as "John Does," which would have signaled that he intended to name additional defendants in the future. For the reasons discussed above, the Court finds that Plaintiff has not satisfied the requirements of Rule 15(c)(1)(C)(i).

Having established that the requirements of Rule 15(c)(1)(C)(i) have not been met, it is unnecessary to address Rule 15(c)(1)(C)(ii); however, the Court will provide a brief discussion. Rule 15(c)(1)(C)(ii) permits relation back when the proposed defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Here, there is nothing before the Court which could indicate that

11

Plaintiff made a mistake regarding the identities of the proposed defendants.  Plaintiff selectively chose his named defendants in the original Complaint and the identities of the defendants he seeks to add by way of this motion were certainly discoverable at that time.  Thus, Plaintiff has not met the standard of relation back under 15(c)(1)(C)(ii).

Given the absence of notice to the proposed defendants and the lack of factual allegations describing how the proposed defendants allegedly violated the LMRDA, the Court finds that permitting Plaintiff to amend his Complaint in order to add these defendants would be unduly prejudicial.

### B.  Proposed Additional Claims

Plaintiff seeks to add new claims relating to the 2011 elections as well as additional claims which he asserts relate back to the 2005 and 2008 elections.  Defendants oppose these amendments primarily on the basis of futility.  Therefore, prior to a Rule 15(c) relation back analysis, the Court will analyze the claims under the more lenient Rule 15(a) standard for amendment.

#### 1.  Rule 15 (a) - Futility

As set forth above, the Court finds that there has been no undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed.  The Court must next determine whether the proposed amendments are futile as Defendants allege.

The CWA Defendants first point out that 29 U.S.C. §415, which Plaintiff references in his first three causes of action in his Proposed Amended Complaint, pertains only to section 105

of the LMRDA; however, Plaintiff identifies both section 105 and section 101.  Courts must construe submissions by *pro se* plaintiffs broadly. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  Therefore, where Plaintiff has referred to section 101 of the LMRDA, the Court shall construe it as a reference to 29 U.S.C. §411, which is the corresponding United States Code.

The CWA Defendants also argue that Plaintiff's broad allegations in his first, second and third causes of action (that Defendants failed to investigate alleged wrongdoings, that Defendants failed to organize unorganized members and that Defendants failed to adopt reasonable rules) do not state a cause of action under 29 U.S.C. §415 or 29 U.S.C. §411.  Indeed, 29 U.S.C. §415 requires that the labor organization inform its members concerning the provisions of the Act and 29 U.S.C. §411 sets forth members' bill of rights.  Therefore, the allegations in Paragraphs 147 to 156, which relate to Defendants' alleged failure to investigate alleged wrongdoings, to organize unorganized members and to adopt reasonable rules, are not specifically relevant to alleged violations of 29 U.S.C. §415 or 29 U.S.C. §411 and do not give rise to a cause of action within the meaning of 29 U.S.C. §412.  Therefore, Plaintiff's first three causes of action in his Proposed Amended Complaint must fail as futile.

Similarly, the majority of the allegations set forth in Plaintiff's fourth proposed cause of action do not state a claim under 29 U.S.C. §501.  29 U.S.C. §501(a) sets forth the fiduciary responsibilities of officers of labor organizations.  Much of Paragraphs 157 to 161 relates to the CWA Defendants' alleged failure to have internal controls and procedures to prevent fiduciary breaches, their alleged failure to conduct audits upon request, and their alleged failure to adopt reasonable rules.  Even if these broad allegations are taken as true, they do not state a claim under

13

29 U.S.C. §501.  The Court could, in an abundance of leniency, interpret Plaintiff's statements as assertions that there had in fact been a breach in fiduciary duty under 29 U.S.C. §501(a) by reading "permitting exorbitant spending" and "permitting improper use of union assets" to mean "actual" exorbitant spending and "actual" improper use of union assets.  However, as Defendants point out, these are sweeping assertions which Plaintiff has not supported with specific factual allegations.  As such, Plaintiff has failed to state a claim and his fourth cause of action must fail as futile.

Further, 29 U.S.C. §501(b) mandates that no suit against an officer of a labor organization may be brought in federal court for a violation 29 U.S.C. §501(a) without leave of the court obtained upon verified application and for good cause shown.  Plaintiff has not filed said verified application.  Assuming that this motion constitutes such an application, the application is denied for failure to provide a sufficient factual basis.

The only remaining claim, therefore, is Plaintiff's fifth proposed cause of action for common law breach of fiduciary duties and breach of contract rights.  In liberally construing his *pro se* submission, Plaintiff has set forth facts throughout the entirety of his Proposed Amended Complaint which, when taken as true, could establish common law violations.

### 2.  Rule 15 (a) - Prejudice

Having found that there was no undue delay, bad faith or dilatory motive on the part of Plaintiff and having determined that Plaintiff's fifth cause of action, when construed liberally, may not fail as futile, the Court must now address the potential prejudice to Defendants in permitting the amendment.  In deciding whether to grant leave to amend under Rule 15(a)(2),

"prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction.  *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  Delay alone, however, does not justify denying a motion to amend.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or...'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate.  *Adams v, Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

As discussed above, Plaintiff's fifth proposed cause of action, when construed liberally, could state a claim for common law violations.  However, it is unclear whether he seeks to bring these charges against the CWA Defendants, the Local Defendants, or both.  It is also unclear which of the aforementioned allegations he asserts establish the common law violations.  As such, Defendants would have to expend significant resources and energy in defending themselves.  Further, without knowing precisely what is being alleged against them, Defendants simply would not be able to construct an effective defense.  As such, it would be unfair and cause undue prejudice to Defendants to permit Plaintiff to proceed on the vague and ill defined claims described in his fifth cause of action.

15

### 3.  Rule 15 (a) - Delay to Proceedings

The Court emphasizes that every effort was made to broadly interpret this *pro se* submission. *See Haines*, 404 U.S. at 520-21; *see also Day*, 969 F.2d at 42.  Indeed, certain factual allegations contained in areas of Plaintiff's Proposed Amended Complaint other than the "causes of action" section could potentially establish causes of action under the statutes cited by Plaintiff.  In addition, the factual allegations contained in Plaintiff's "causes of action" section may, in fact, establish causes of action under another statute or under some other section of the LMRDA not cited in Plaintiff's Proposed Complaint.  However, although the Court is to construe *pro se* submissions broadly, it is not the Court's responsibility to construct his Complaint for him.  A mix and match approach whereby the Court would apply Plaintiff's allegations with corresponding statutes may not result in an accurate Complaint, could result in prejudice to Defendants and would not be an effective use of judicial resources.  As written, Plaintiff's Proposed Amended Complaint is futile, even when viewed liberally.

Further, allowing Plaintiff to make the amendments as proposed would, as Defendants assert, essentially constitute an entirely new Complaint.  Although no significant discovery has been exchanged, the case would effectively begin a new.  Permitting such an amendment and requiring Plaintiff to submit an Amended Complaint which complied with terms of the corresponding Order would significantly delay these proceedings, would not promote judicial economy and would in fact thwart the Court's efforts to "secure the just, speedy and inexpensive determination" of this action.  FED.R.CIV.P. 1.

**C.  Proposed Additional Claims - Rule 15(c)(1)(B)**

In light of the fact that the Court has determined that Plaintiff's amendments fail under

Rule 15(a), it is unnecessary for the Court to reach a Rule 15(c) relation back analysis.  Even

assuming that all of Plaintiff's proposed claims did, in fact, relate back to the 2005 and 2008

elections, they would still fail as either futile or unduly prejudicial.


**III.     Conclusion**

For the reasons stated above, Plaintiff's motion seeking leave to file an Amended

Complaint in order add thirty-nine (39) additional defendants and five (5) new causes of action is

DENIED.  An appropriate Order follows.


Dated: May 2, 2012

                                        s/Tonianne J. Bongiovanni
                                        **HONORABLE TONIANNE J. BONGIOVANNI**
                                        **UNITED STATES MAGISTRATE JUDGE**

17