UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE AVERHART, | Civil Action No. 10-6163 (AET) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CWA LOCAL 1033, et al., | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge,**

Currently pending before the Court is Plaintiff Jesse Averhart's ("Plaintiff") Motion for Reconsideration [Docket Entry No. 51]. Defendants CWA Local 1033 and Rae Roeder (the "Local Defendants") oppose the motion [Docket Entry No. 55]. Defendants Lawrence Cohen, Communications Workers of America, Hetty Rosenstein, and Christopher Shelton (the "CWA Defendants") have also filed an opposition [Docket Entry No. 56]. The Court has fully reviewed the papers submitted in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.  Background**

In October, 2010, Plaintiff filed his Complaint against Defendants in State Court alleging violations of the Communications Workers of America Union Constitution ("CWA Constitution") as well as violations of the Labor-Management Reporting and Disclosure Act ("LMRDA"). The matter was removed to Federal Court in November, 2010. The parties have engaged in discovery

and Plaintiff was twice granted an extension to the deadline for filing a motion to amend [Docket Entry Nos. 24 & 38]. On November 21, 2011, Plaintiff filed a motion seeking leave to file an Amended and Supplemental Complaint which the Court denied in an Order dated May 2, 2012 and entered on the docket on May 3, 2012 (the "May 2, 2012 Order") [Docket Entry No. 49]. Plaintiff now seeks reconsideration of that Order.

Plaintiff discusses the standard for deciding a Rule 12(b)(6) motion to dismiss. Plaintiff asserts that under a reasonable reading, the facts alleged in his Complaint gave defendants fair notice of each of plaintiff's claims. Plaintiff reminds the Court that, as a *pro se* litigant, he should be held to a more liberal standard. *Plaintiff's Brief in Support of Motion for Reconsideration*, Docket Entry No. 51-1 at *10. Plaintiff states that the Court improperly ruled that his factual allegations failed to state a claim for relief. *Id.* at *11.

Plaintiff next discusses the equitable principles of tolling. Plaintiff states that it is undisputed that Title I causes of action are governed by a 2 year statute of limitations. However, Plaintiff asserts that the parties disagree as to whether a 2 or 6 year statute of limitations applies to Title V causes of action. *Id.* Plaintiff then asserts that "the central question is when should the cause of action accrue." *Id.* Plaintiff argues that the statute of limitations is tolled while a union member pursues remedies internally. *Id.* at *12. Plaintiff cites to *Wall*, which Plaintiff claims invoked the doctrine of equitable estoppel. Plaintiff concedes that the circumstances in *Wall* are factually distinguishable from those in the present action.

Plaintiff then argues that he merely need to plead applicability of the equitable principles of tolling in order to survive a motion to dismiss and Plaintiff cites various case law in support of this position. *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993); *Oshiver v. Levin, Fishbein,*

*Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). Plaintiff contends that "a reasonable reading of the complaint shows that this was done and therefore was not a new claim raised in the reply brief." *Plaintiff's Brief* at *13. It is unclear what is meant by this statement. Presumably, Plaintiff is arguing that he plead that the statute of limitations should be tolled in his Amended Complaint, his Original Complaint or in his Motion to Amend.

Plaintiff next discusses the liberal standard applied to motions to amend. Plaintiff argues that if he is not permitted to amend and/or supplement his Complaint, he will be forced to file another Complaint in order to be heard on his claims related to the 2011 election. *Id.* at *14. Plaintiff would like the claims arising from the 2011 election to be consolidated with the existing claims.

Finally, Plaintiff discusses futility, undue delay and prejudice to defendants. *Id.* at *15. With respect to futility, Plaintiff recites the standard and relies on the Court's previous finding that "the underlying facts or circumstances relied upon by Plaintiff may be a proper subject for relief." Therefore, Plaintiff asserts that "futility cannot stand as a bar to preclude an opportunity to correct deficiencies in the amended complaint." *Id.* at *16.

With respect to undue delay, Plaintiff reminds the Court of the procedural history of this case. Given that the Court previously found that there was no undue delay in the filing of Plaintiff's Motion to Amend, no further discussion on this topic is necessary.

Lastly, Plaintiff addresses the prejudice to Defendants. Plaintiff asserts that the Local Defendants have not sufficiently established that they would have been prejudiced if Plaintiff's Motion to Amend had been granted. Plaintiff contends that Defendants' assertion of prejudice lacks a necessary and specific factual basis or a showing that Defendants were "unfairly deprived of an opportunity to present facts or evidence which they would have offered had the amendments been

3

timely." *Deakyne v. Community of Lewes,* 416 F.2d 290, 300 (3d Cir. 1969)*; see also Dole v. Arco Chemical,* 921 F.2d 484, 488 (3d Cir. 1990 ).

Plaintiff argues that the Amended Complaint asserts the same core facts as his initial Complaint so, if allowed, no additional discovery would be required. Plaintiff notes that discovery in this matter is not yet completed.

Finally, Plaintiff concludes that the Court erred in applying the "clear liberality standards" used to assess motions to amend. *Plaintiff's Brief* at *19. Plaintiff urges the Court to reconsider its denial to prevent a manifest injustice to Plaintiff and to similarly situated public-worker-only labor union members. *Id.*

The CWA Defendants have filed a letter brief in opposition [Docket Entry No. 56]. In it, the CWA Defendants point out that, although Plaintiff mentions the standard for addressing a motion for reconsideration, including the three grounds which, if established, allow for reconsideration, the CWA Defendants assert that Plaintiff does not specifically identify any one of those three bases to support his motion. Pursuant to their interpretation of Plaintiff's motion, the CWA Defendants assert that Plaintiff has not invoked either the first or second ground; namely, Plaintiff has not cited to any new evidence and Plaintiff does not claim any change in the controlling law. *CWA Defendants' Letter Brief in Opposition to Plaintiff's Motion,* Docket Entry No. 56 at *2. Thus, the CWA Defendants presume that Plaintiff is relying on the third basis for reconsideration; specifically, "the need to correct a clear error of law or fact or to prevent manifest injustice." However, the CWA Defendants assert that under this third prong, Plaintiff's motion fails.

With respect to the Court's decision to deny Plaintiff's Motion to Amend to add 39 new defendants, the CWA Defendants assert that the Court did not err. The CWA Defendants point out

4

that, in his Motion for Reconsideration, Plaintiff does not specifically address the Court's determination that Plaintiff failed to state a cause of action against the proposed new defendants. The CWA Defendants conclude that Plaintiff's motion is devoid of any legal argument to challenge the Court's ruling and the CWA Defendants assert that Plaintiff's Motion for Reconsideration must be denied in this respect.

Similarly, the CWA Defendants contend that the Court did not err by denying Plaintiff's Motion to Amend to add five new causes of action. The CWA Defendants note that, while Plaintiff attempts to clarify his proposed amended claims against all defendants in his brief in support of the present motion, Plaintiff does not identify any legal error in the Court's previous determination. Thus, CWA Defendants conclude that there is no basis for reconsideration of this aspect of the Court's ruling.

With resect to the LMRDA statute of limitations issue, CWA Defendants state that Plaintiff merely reiterates his previous arguments. However, the CWA Defendants assert that the Court's decision was based on the fact that this argument was first raised in Plaintiff's Reply brief. The CWA Defendants contend that Plaintiff has not identified any legal error which would warrant reconsideration of this issue.

The CWA Defendants make the same argument with respect to futility and they assert that Plaintiff has not pointed out any flaws or errors in the Court's legal analysis. The CWA Defendants state that the Court concluded that Plaintiff had not alleged facts sufficient to state a cause of action and the CWA Defendants assert that Plaintiff still has not identifed facts that support the proposed causes of action.

The CWA Defendants cite the standard set forth by the Court in *Iqbal* and the CWA Defendants assert that Plaintiff's Complaint, as the Court noted, contained "only broad allegations and conclusions, and merely recite[d] elements of a cause of action rather than facts upon which the proposed causes of action must be based." *CWA Defendants' Letter Brief* at *5; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). As such, the CWA Defendants conclude that Plaintiff's Motion to Amend was properly denied.

Finally, the CWA Defendants allege that Plaintiff has failed to identify any legal errors in the Court's analysis of the prejudice and undue delay prong of Rule 15(a). As they did in their opposition to Plaintiff's Motion to Amend, the CWA Defendants assert that Plaintiff's proposed amended complaint is an entirely new complaint, despite Plaintiff's statements to the contrary. The CWA Defendants contend that Plaintiff has failed to identify with any specificity the facts that give rise to the alleged causes of action. Thus, the CWA Defendants conclude, as they did in their opposition to Plaintiff's Motion to Amend, that it would be prejudicial to defendants and would cause undue delay to the resolution of this matter if Plaintiff were permitted to proceed on "vague and ill-defined causes of action." *CWA Defendant's Letter Brief* at *5 (citing *Court's May 2, 2012 Memorandum Opinion*, Docket Entry No. 49 at *15).

The Local Defendants have also filed a letter brief in opposition [Docket Entry No. 55]. The Local Defendants address their opposition to the District Court, referring to Plaintiff's motion as an appeal rather than as a motion for reconsideration. However, Plaintiff's motion has been deemed a Motion for Reconsideration at Plaintiff's own choosing. Further, Plaintiff addresses the standard for a motion for reconsideration in his brief. Although the content of Plaintiff's brief may be more appropriately used to support an appeal or a new motion to amend, the Court will treat the present

motion as a Motion for Reconsideration. In light of the fact that the Local Defendants have filed their opposition as a response to an appeal, their letter brief is devoted to seeking affirmation of the Court's denial rather than arguing against reconsideration. Nevertheless, the Court has considered the Local Defendants' arguments in considering the instant motion for reconsideration and summarizes the Local Defendants' submission below.

The Local Defendants address Plaintiff's offer to submit a revised pleading which will be "consistent with the properly plead[ed] factual allegations in Paragraphs 48-145 of the [proposed] amended complaint[.]" *Local Defendants' Letter Brief in Opposition to Plaintiff's Motion*, Docket Entry No. 55 at *2 (citing *Plaintiff's Brief in Support of Motion*, Docket Entry No. 51-1 at *2-3). However, the Local Defendants contend that Plaintiff's complaint was not well pleaded to begin with; thus, the Local Defendants assert that Plaintiff cannot state a claim upon which relief could be granted. The Local Defendants discuss, at length, the allegations contained in Paragraphs 48-145 of Plaintiff's Complaint. *Local Defendants' Letter Brief* at *2-7. The Local Defendants also summarize the Court's Opinion in which It denied Plaintiff's Motion to Amend.

In their legal argument section, the Local Defendants assert that Plaintiff has not pled facts sufficient to establish a cause of action or to add the 39 proposed additional defendants. The Local Defendants assert that requiring board and committee members to defend themselves in circumstances such as these, where it is unclear exactly the wrongdoing of which they are being accused, would be patently unfair.

In response to Plaintiff's argument that the statute of limitations should be tolled to allow Plaintiff to assert claims relating to the 2005 and 2008 elections, the Local Defendants assert that even if the Court accepts this argument, Plaintiff's complaint fails because he has not alleged, at the

minimum, a plausible factual basis for imposing liability upon the proposed defendants. *Local Defendants' Letter Brief* at *13-14. Further, in order to extend a statute of limitations through the concept of equitable tolling, the Local Defendants assert that thee must be a time certain at which the alleged cause of action accrued. The Local Defendants state that Plaintiff has failed to identify a particular wrongdoing here; thus, the Local Defendants conclude that Plaintiff's argument regarding tolling cannot be properly considered.

## II.    Analysis

### A.    Motion for Reconsideration

In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992). As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002). As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As the CWADefendants point out, Plaintiff does not specifically cite which of these three bases he is relying upon in support of his Motion for Reconsideration. However, in his "Summary of Argument" section, Plaintiff states that he believes the Court erred by "(1) narrowing the

standards for deciding a Rule 12(b)(6) Motion to Dismiss; (2) denying consideration of invocation of equitable principles of tolling the statute of limitations; [and] (3) narrowing the liberality afforded a litigant to amend and supplement his complaint at this early stage of these proceedings by applying an inconsistent and overly restrictive standard of futility, undue delay and prejudice." *Plaintiff's Brief* at *8. Thus, presumably Plaintiff is relying on the third prong in support of his motion: the need to correct a clear error of law or fact or to prevent manifest injustice. The Court will proceed on this assumption.

### A. Additional 39 Defendants

As the CWA Defendants point out, the Court denied Plaintiff's request to amend to add 39 additional defendants on the basis that the proposed defendants did not have proper notice that they might be a named party. Thus, the Court concluded that the relation back standard prescribed by Rule 15(c)(1)(C) had not been met. Plaintiff does not address this rationale in his Motion for Reconsideration. For that reason, the Court cannot find that there was any error of law or fact which would warrant reconsideration.

Plaintiff states that his alleged facts in the complaint "gave defendants fair notice of the claim and the grounds thereof." *Plaintiff's Brief* at *10. Later in his brief, he states that "there is no prejudice to defendants[.]" *Id.* at *19. These broad and vague statements are the only potential references to the Court's finding of lack of notice and they do not support reconsideration. Further, to the extent that Plaintiff meat to imply that the Court's failure to reconsider in this respect will result in manifest injustice to Plaintiff, the Court finds that it will not. Plaintiff has not offered any arguments in support of this position. Indeed, his brief focuses mainly on the Court's denial of his additional causes of action, which the Court will address below.

9

### B. Additional Causes of Action

The Court denied Plaintiff's request to amend to assert 5 additional causes of action on the basis that the amendments were futile and would be unduly prejudicial to defendants. Plaintiff has addressed the Rule 12(b)(6) standard for determining futility and Plaintiff asserts that the Court "narrowed the standards." *Plaintiff's Brief* at *8. However, Plaintiff has not identified any error of law which demonstrates that the Court did, in fact, use an improperly narrow standard. Plaintiff does not claim that the cases cited and relied upon by the Court are inapplicable or improper. Plaintiff even concedes that the Court could not construct a valid complaint based on what Plaintiff had submitted with his Motion to Amend and he extends an apology to the Court for the confusion. *Id.* at *6, *8. Therefore, it seems as though Plaintiff does not challenge the Court's analysis; rather, he merely disagrees with the Court's conclusion. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002). As such, there is nothing before the Court which warrants reconsideration of the Court's denial of Plaintiff's Motion to Amend.

Similarly, the Court refused to consider Plaintiff's request to invoke equitable tolling because he first raised those arguments in his Reply Brief. *Court's May 3, 2012 Memorandum Opinion,* Docket Entry No. 49 at *9. However, Plaintiff devotes the majority of the equitable tolling section of his brief in support of his Motion for Reconsideration to reiterating arguments raised previously in his Reply Brief in support of his Motion to Amend. Plaintiff also introduces new and more in-depth arguments. As stated above, a motion for reconsideration is not to be used to reargue matters

which have already been argued; nor is it to be used to introduce arguments which could have been raised along with the original motion.

> Unless otherwise provided by statute or rule . . ., a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L.CIV.R. 7.1(i). As is clear from the text of the Rule, the term "overlook" is the dominant term in L.CIV.R. 7.1(i). Indeed, generally, the Rule "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988). Consequently, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion my be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776 (DRD), 2009 WL 301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l*, 830 F.Supp. At 831). Therefore, this Court need not consider the new arguments in support of equitable tolling raised in Plaintiff's brief in support of his Motino for Reconsideration. Reconsideration is not permitted simply to allow a "second bite at the apple." *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir.1995). Nevertheless, in an abundance of caution, the Court will briefly address Plaintiff's argument below.

Plaintiff asserts that a "plaintiff merely need[] to 'plead the applicability of the [equitable principles of tolling]' in order to survive a motion to dismiss." *Plaintiff's Brief* at *13 (citing *Oshiver,* 38 F.3d at 1391). The Court first notes that the claims in *Oshiver* arose under Title VII and the Pennsylvania Human Relations Act ("PHRA") whereas the proposed claims in this case arise

under Titles I, IV and V and the LMRDA. Regardless, "[t]o be activated, equitable tolling requires *active* misleading on the part of the defendant." *Oshiver,* 38 F.3d at 1391 n.10. Plaintiff in this case alleges that "[a] reasonable reading of the complaint shows this was done and therefore was not a new claim raised in the reply brief." *Plaintiff's Brief* at *13. It is unclear what Plaintiff means by this statement. To the extent he is asserting that he plead the principles of equitable tolling without referring to it by name in his proposed complaint or elsewhere at some point prior to submitting his Reply Brief, the Court finds that he did not. The Court has thoroughly reviewed Plaintiff's original Complaint, his proposed Amended Complaint as well has his brief submitted in support of his Motion to Amend. Nowhere can the court find an explicit reference to the concept of equitable tolling or an allegation that Defendants actively mislead him which caused a delay in filing the present action beyond the statute of limitations.[1]  Indeed, if Plaintiff had made such a reference in

---

[1]The Court notes that Plaintiff thrice mentions "equitable estoppel" in his brief in support of his Motion to Amend. *Plaintiff's Brief in Support of Motion to Amend*, Docket Entry No. 39-1 at *13, *14. However, these references were made in the context of his Motion to Amend; specifically to establish that Defendants should not oppose the motion.

> "Moreover, the defendants should be equitably estopped from opposing this motion to amend the complaint based on any claim of bad faith, undue delay, and prejudice, where the complaint is premised on defendants' bad faith, undue delay and prejudice in advising plaintiff, inter alia, of his rights under the LMRDA."

*Plaintiff's Brief in Support of Motion to Amend*, Docket Entry No. 39-1 at *13.

> "Defendants' should be equitably estopped from claiming any prejudice in light of their actions... Defendants' should be equitably estopped from claiming any delay in bringing this motion in light of their actions, where plaintiff was unaware of his rights regarding the LMRDA, requiring extensive research to ascertain what those rights were."

*Id.* at *14. Therefore, Plaintiff wishes to assert some form of equitable relief to preempt Defendants' argument that Plaintiff delayed in filing the Motion to Amend. Plaintiff did not argue the principles of equitable tolling in order to allow him to assert causes of action and name

previous submissions, he should have cited to same in his current motion. For these reasons, the Court will not reconsider Its decision to dismiss Plaintiff's equitable tolling argument without considering it on its merits.

Throughout his brief, Plaintiff maintains that his claims are not futile. Indeed, the Court declined to conclude that Plaintiff's proposed 5th cause of action, the common law violation, would certainly fail as futile. Instead, the Court denied amendment in that respect on grounds of undue prejudice to Defendants. Ironically, the Court determined that the undue prejudice which would be imposed upon Defendants by that 5th cause of action was due to the fact that it was unclear which of Plaintiff's foregoing allegations he relied upon to assert the common law violation. Therefore, the Court ultimately concluded that Plaintiff's claim was too "vague and ill-defined[.]" *Court's May 2, 2012 Memorandum Opinion,* Docket Entry No. 49 at *15.

In arguing against futility of his additional proposed causes of action, Plaintiff also continually relies on the Court's statement that "certain factual allegations contained in areas of Plaintiff's proposed Amended Complaint... could potentially establish causes of action under the statutes cited by Plaintiff." *Id.* at *16. The Court's statement was not meant to be interpreted as affirmation that Plaintiff's proposed claims had merit. Rather, it was meant to clarify that the factual allegations *as written* did not give rise to a cause of action. In his brief in support of his Motion for Reconsideration, Plaintiff offers to properly identify and describe the causes of action or the theories

---

additional defendants beyond the expiration of the statute of limitations. Further, even if the Court were to assume, *arguendo*, that these references did, in fact, relate to the principles of equitable tolling of the statute of limitations, Plaintiff does not establish that Defendants actively misled him in any way. Rather, Plaintiff merely refers to "defendants' bad faith" and "their actions." These broad statements are insufficient to establish the active misleading which is necessary to trigger equitable tolling.

13

of recovery against Defendants. *Plaintiff's Brief*, Docket Entry No. 51-1 at *6. However, as noted above, a motion for reconsideration is not the proper vehicle to correct deficiencies and is not the proper venue in which to request a second chance to re-plead arguments and allegations. *Bhatnagar*, 52 F.3d at 1231.

Finally, in light of the Court's finding that reconsideration of Its denial of Plaintiff's request to add additional claims based on futility is not warranted, the Court need not address the prejudice to Defendants. Nevertheless, in an abundance of caution, the Court will provide a brief discussion. Plaintiff devotes the entirety of the "prejudice to defendants" section of his brief to a discussion of case law and of the arguments made by Defendants in support of a finding of prejudice. *Plaintiff's Brief in Support of Motion for Reconsideration*, Docket Entry No. 51-1 at *17-19. Plaintiff does not address the Court's rationale in Its Opinion denying amendment:

> [I]t is unclear whether he seeks to bring these charges against the CWA Defendants, the Local Defendants, or both. It is also unclear which of the aforementioned allegations he asserts establish the common law violations. As such, Defendants would have to expend significant resources and energy in defending themselves. Further, without knowing precisely what is being alleged against them, Defendants simply would not be able to construct an effective defense. As such, it would be unfair and cause undue prejudice to Defendants to permit Plaintiff to proceed on the vague and ill defined claims described in his fifth cause of action.

*Court's May 2, 2012 Memorandum Opinion*, Docket Entry No. 49 at *15. As Plaintiff has not alleged that there exists and error of law or fact in the Court's analysis, it seems as though he simply disagrees with the Court's conclusion. As noted above, disagreement with the Court is not a proper basis for reconsideration. *Ogden*, 226 F.Supp.2d at 606. In light of the fact that Plaintiff has not presented any clear error of law or fact, the Court declines to reconsider this aspect of Its Opinion.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration of the Court's May 2, 2012 Order is DENIED.  An appropriate Order follows.


Dated: September 10, 2012


                                               s/ Tonianne J. Bongiovanni
                                               **TONIANNE J. BONGIOVANNI**
                                               **UNITED STATES MAGISTRATE JUDGE**