NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jesse J. AVERHART,

    Plaintiff,

v.

COMMUNICATIONS WORKERS OF
AMERICA; Lawrence COHEN; Christopher
SHELTON; Hetty ROSENSTEIN; CWA
LOCAL 1033 AND Rae ROEDER,

    Defendants.

Civ. No. 10-06163

**OPINION**

THOMPSON, U.S.D.J.

INTRODUCTION

    This matter has come before the Court on Plaintiff Jesse J. Averhart's ("Plaintiff's") Appeal of Magistrate Judge Tonianne Bongiovanni's ("Judge Bongiovanni's") September 10, 2012 Order ("September 10 Order"). [Docket Entry # 63]. Previously, Plaintiff filed a motion to amend his Complaint. [39]. Judge Bongiovanni denied the motion [49 and 50], and then, in the September 10 Order, further denied Plaintiff's motion to reconsider the denial [61], prompting the present appeal. Defendants Lawrence Cohen, Communications Workers of America, Hetty Rosenstein, and Christopher Shelton (the "CWA Defendants"), and Defendants Local 1033 and Rae Roeder (the "Local Defendants"), oppose the motion. [77, 79]. The Court has decided the motion upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed herein, Plaintiff's appeal is denied.

1

BACKGROUND

As Plaintiff and the above-named Defendants are already well familiar with the facts of this case, this opinion will include only those facts relevant to the current appeal.

Plaintiff is a member of CWA Local 1033 ("Local 1033"), a local union comprised solely of public employees. [1-2, Ex. A, "Compl.," at ¶ 12]. Communications Workers of America ("CWA Union") is a "mixed" association of public and private employees and is Local 1033's parent union. [Id. at ¶ 6]. The CWA Union and Local 1033 are governed by the Communications Workers of America Constitution ("CWA Constitution"). [*Id.* at 14].

In October 2010, Plaintiff filed an initial complaint ("Complaint") in state court seeking damages and declaratory relief against both the Local Defendants and the CWA Defendants (collectively, "Defendants"), alleging violations of the CWA Constitution, and the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C.A. § 410, et seq. [*See generally*, Compl.]. According to the Complaint, Local 1033 had violated the CWA Constitution in three ways: (1) it had failed to establish an active organizing committee pursuant to Article XIII, § 9 of the CWA Constitution [*id.* at ¶ 16]; (2) it had failed to provide an itemized accounting of disbursements of member dues beyond generic audit reports as required by Article XIII, §§ 9 and 11 of the CWA Constitution, [*id.* at ¶ 19]; and (3) its 2005 and 2008 officer elections were tainted with various improprieties in violation of Article XIII, § 9 of the CWA Constitution and in violation of Title IV of LMRDA, 29 U.S.C. § 481 [*id.* at ¶¶ 40-44].
It appears from the Complaint that Plaintiff attempted to utilize the unions' internal procedures to file charges and gain redress for at least some of the above improprieties and was unsuccessful.

The matter was removed to Federal Court in November 2010, and Plaintiff unsuccessfully moved before this Court to remand the case to State Court. [9, 19]. In the

opinion denying remand, this Court discussed LMRDA's applicability to public-only unions (like Local 1033) where the parent is a mixed union (like CWA). [19]. Plaintiff alleges this alerted him to further possible claims under LMRDA and, presumably, prompted him to amend his complaint. [39]. After receiving two deadline extensions [24, 38], Plaintiff filed a motion to amend and supplement the Complaint on November 21, 2011 [39].

In the proposed amended Complaint ("Proposed Complaint"), which spans claims arising from 2005 to 2011, Plaintiff seeks to add thirty-nine (39) additional defendants and five (5) new or reconstructed causes of action. [39-2, "Proposed Amd. Compl."]. Specifically, Plaintiff aims to "nam[e] defendants in their official and individual capacities;" to "allege facts justiciable pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-02;" to "add a demand for a jury trial;" to "allege facts and claims for violation of Title I, Bill of Rights of Members of Labor Organization, 29 U.S.C. §§411-415;" to "add relief for compensatory and punitive damages;" to "add relief for attorney fees;" and to clarify the "allegations and relief requested." [39].

In reviewing the Proposed Complaint, the Court notes that the proposed causes of action are less clearly enumerated than those counts in the initial Complaint. The first three proposed causes of action allege violations of LMRDA, 29 U.S.C. 415, §§ 101 (a)(1) and 105,[*] and 29 U.S.C. 412, § 102. [Proposed Amd. Compl. at ¶¶ 146-56]. In the first cause of action, Plaintiff alleges Defendant CWA Union knowingly failed to investigate and disclose Local 1033's wrongdoing, and that the individually named CWA Defendants breached their fiduciary duty when participating in this concealment. [*Id.* at ¶¶ 146-50]. In the second cause of action, Plaintiff alleges that Defendants failed to organize unorganized members with the intention of circumventing LMRDA provisions and the rights stemming from those provisions. [*Id.* at ¶¶

---

[*] Plaintiff only claims violation of 29 U.S.C. 415, § 105 with regards to Count I.

151-53]. In the third cause of action, Plaintiff alleges certain election improprieties, concerning the nomination and election of CWA and Local 1033 officers. [*Id.* at ¶¶ 154-56].

With regards to the fourth cause of action, Plaintiff alleges a violation of LMRDA, 29 U.S.C. 501, § 501, listing various failures on the part of the CWA Union Defendants to prevent fraud, embezzlement, self-dealing, and other conflicts of interest from occurring within Local 1033, and to enforce the provisions of the CWA Constitution against Local 1033. The proposed fourth cause of action also alleges common law breaches of fiduciary duty and contract by Defendants. [*Id.* at ¶¶ 157-61].

The Proposed Complaint concludes with a lengthy prayer for relief, including requests for a declaratory judgment, injunctive relief, compensatory and punitive damages, equitable relief, and costs and attorneys' fees. [*Id.*].

After reviewing Plaintiff's proposed amendments, Judge Bongiovanni issued an opinion and order denying the motion to supplement and amend, on grounds of futility and prejudice. [49, 50]. With respect to the proposed additional causes of action, Judge Bongiovanni found that the first three counts failed to state a cause of action under the statutes cited by Plaintiff, 29 U.S.C. § 415 or 29 U.S.C. § 411, and that the fourth count would likewise fail on futility grounds for failing to state a claim under 29 U.S.C. § 501. [49]. Judge Bongiovanni further found that the fifth count would be unduly prejudicial to Defendants. [*Id.*]. She concluded that it would be difficult and costly for Defendants to mount a defense because (1) the count was unclear as to whether it contained charges against the CWA Defendants or the Local Defendants, and (2) it could not be discerned which of the previously stated factual allegations Plaintiff intended to support the establishment of the common law violations. [*Id.*].

With respect to the proposed additional defendants, Judge Bongiovanni found that they could not be added for at least two reasons. First, insofar as their addition concerned the 2005 and 2008 elections, these claims were barred by LMRDA's two (2) year statute of limitations. In his reply brief prior to the issuance of Judge Bongiovanni's opinion, Plaintiff had argued that a six (6) year statute of limitations applied to the fiduciary duty and breach of contract claims. [48]. Moreover, argued Plaintiff, he should receive an equitable exception to the statute of limitations with respect to the other claims because Defendants had "actively" misled him and he had detrimentally relied upon their conduct. [*Id.*]. Finally, Plaintiff argued that the Continuing Violation Doctrine and the Continuing Tort Doctrine permitted him in this instance to bring his claims outside of the traditional statute of limitations period. [*Id.*]. Despite these arguments, Judge Bongiovanni found they could not properly be considered as Plaintiff had not raised them until his reply brief. [49].

Second, Judge Bongiovanni found the new defendants could not be added under the Rule 15(c)(1) relation back doctrine, as Plaintiff had failed to provide sufficient evidence that the newly named defendants were on notice that they might be named as parties to the litigation – the critical factor in determining whether or not such an amendment can relate back. [*Id.*, citing *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2489-90 (2010)].

Aside from the above findings, Judge Bongiovanni discussed several other aspects of the Proposed Complaint in general terms. While acknowledging that every effort should be made to broadly interpret Plaintiff's *pro se* admission, Judge Bongiovanni determined that the Court would essentially have to reconstruct Plaintiff's Complaint in order for Plaintiff to avoid dismissal – a costly endeavor in terms of judicial resources that may still have produced an inaccurate and prejudicial complaint. [*Id.*]. Additionally, Judge Bongiovanni found that

5

allowing Plaintiff to make the amendments as proposed would "essentially constitute an entirely new Complaint," resulting in a significant delay of the proceedings. [*Id.*]. Such delay would "thwart the Court's efforts to 'secure the just, speedy and inexpensive determination'" of the action. [*Id.*].

Plaintiff subsequently filed a motion for reconsideration. [51]. In that motion, Plaintiff argued that Judge Bongiovanni made three errors, consisting of: (1) improperly narrowing the standards for deciding a 12(b)(6) motion to dismiss (used when evaluating futility under Rule 15); (2) denying an equitable tolling of the statute of limitations; and (3) narrowing the liberality afforded a litigant to amend and supplement a complaint. [*Id.*]. With regards to Plaintiff's 12(b)(6) arguments, Judge Bongiovanni found that Plaintiff failed to establish any errors of law and merely attempted to reargue issues already settled. [60]. As for Plaintiff's argument regarding the statute of limitations, Judge Bongiovanni found again that Plaintiff improperly reiterated arguments previously raised in his reply brief, or raised new arguments entirely. [*Id.*]. Moreover, she found that Plaintiff had failed to adequately plead the applicability of the equitable principles of tolling, and that nothing in the Proposed Complaint demonstrated an active misleading on the part of Defendants to trigger such tolling. [*Id.*].

In response to Judge Bongiovanni's denial, Plaintiff has filed the current appeal in order to vacate or reverse the decision, challenging Judge Bongiovanni's conclusions on futility, the statute of limitations, equitable tolling, and prejudice [63]. The CWA Defendants and the Local Defendants oppose. [77, 79].

## STANDARD OF REVIEW

In reviewing a magistrate judge decision on a non-dispositive matter, the moving party bears the burden of demonstrating that the decision is 'clearly erroneous or contrary to law.'

*U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 314-15 (D.N.J. 2009); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998); *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996); *Exxon Corp. v. Halcon Shipping Co., Ltd.,* 156 F.R.D. 589, 591 (D.N.J. 1994); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c), comment e.  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Lo Bosco v. Kure Eng. Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)); *Cardona*, 942 F. Supp. at 971; *South Seas Catamaran, Inc. v. M/V Leeway*, 120 F.R.D. 17, 21 (D.N.J 1988), *aff'd,* 993 F.2d 878 (3d Cir. 1993).  "[A] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  *State Nat'l. Ins. Co. v. Cnty. of Camden*, 2012 WL 960431, at *1 (D.N.J. March 21, 2012) (citing *Gunter*, 32 F. Supp. 2d at 164).  A magistrate judge's legal conclusions will be reviewed *de novo*.  *Cooper Hosp.*, 183 F.R.D. at 127.

In conducting this analysis, the Court recognizes that a magistrate judge's ruling on a non-dispositive matter is entitled to great deference.  *Kresefky v. Panasonic Commc'ns and Sys. Co.,* 169 F.R.D. 54, 64 (D.N.J.1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.").  This is especially so "where the Magistrate Judge has managed [the] case from the outset and developed a thorough knowledge of the proceedings."  *Cooper Hosp.*, 183 F.R.D. at 127 (quoting *Public Interest Research Grp. v. Hercules, Inc.,* 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds,* 50 F.3d 1239 (3d Cir. 1995)).

7

ANALYSIS

As an initial matter, the Court has reviewed the entire complaint and is not "left with the definite and firm conviction that a mistake has been committed." *Cooper Hosp.*, 183 F.R.D. at 127. The Proposed Complaint, as written, cannot be read to state coherent causes of action. Many of Plaintiff's factual allegations summarize Plaintiff's internal filing of complaints and election protests, without clearly stating where Defendants have actually run afoul of the law. At times it seems as though Plaintiff is on the verge of constructing coherent factual and legal chains that would lead to a basis for complaint. Each time, however, Plaintiff seems to fall short. With respect to the proposed counts, the Court finds that they appear to be both factually unsupported by the preceding allegations, or fail to state causes of action under the cited statutes. With regards to the fifth count, the Court agrees with Judge Bongiovanni that it is presently too vague to be clear and efficient to litigate, both as concerns to which group of Defendants it refers, and upon which specific facts and events it depends.

More significantly, upon turning to Plaintiff's arguments, the Court finds that he fails to demonstrate that Judge Bongiovanni's September 10 Order is "clearly erroneous, contrary to law, and an abuse of discretion resulting in a mistake." [63-1 at II]. After some discussion of Rule 15(a) and (d), Plaintiff summarizes Judge Bongiovanni's ultimate determination: that the Proposed Complaint as written would be futile and would thwart the Court's efforts to secure a just, speedy, and inexpensive resolution to the action. [*Id.*]. From there, Plaintiff breaks down his argument into four parts, discussing futility generally before addressing the specific points of the statute of limitations, equitable tolling, and prejudice to Defendants. [*Id.*]. While these do not match exactly the arguments raised in Plaintiff's Motion for Reconsideration, or are all

specific questions of law, taking into account Plaintiff's *pro se* status, the Court will briefly address Plaintiff's arguments.

First, with respect to futility, Plaintiff argues that Judge Bongiovanni incorrectly restrained her consideration of the Proposed Complaint to the information contained within the causes of action, neglecting to consider the factual allegations previously enumerated in the Proposed Complaint. [*Id.*]. The inference to be drawn is that if Judge Bongiovanni *had* considered the Proposed Complaint in its entirety, she would not have found the proposed causes of action futile.

In reviewing this assertion, the Court finds Plaintiff has not presented sufficient evidence to show that Judge Bongiovanni did not consider the entire Proposed Complaint when evaluating the causes of action. Indeed, Judge Bongiovanni mentions reading and reviewing the entire Complaint in two different opinions. [*See, e.g.*, 49 (while discussing the proposed fifth count asserting common law violations, Judge Bongiovanni stated that it was "unclear which of the aforementioned allegations" supported the violations, demonstrating her consideration of the entire complaint); 60, "The Court has thoroughly reviewed Plaintiff's original Complaint [and] his proposed Amended Complaint . . . ")].

Second, Plaintiff attempts to argue again that his state common law claims (breach of contract and fiduciary duty) and his analogous federal claims are governed under a six (6) year state statute of limitations. [63-1]. The Court does not deny that Plaintiff may still be within the statute of limitations period for certain claims based upon state law, or that it would be unfair if Plaintiff had valid claims that were denied solely because Plaintiff failed to raise the appropriate statute of limitations defense prior to his reply brief. However, because the Proposed Complaint is currently incoherent, the Court does not think it necessary to consider this point on the merits.

Third, Plaintiff brings again his arguments for equitable tolling, and argues that Judge Bongiovanni provided no factual or legal support to deny Plaintiff's arguments as improperly raised in the reply certification. [63-1]. The Court notes that Judge Bongiovanni's decision to strike those arguments appearing for the first time in Plaintiff's reply brief is well-supported in this Circuit. *See, e.g.*, *Oberwager v. McKechnie Ltd.*, 351 Fed. Appx. 708, n. 5 (3d Cir. 2009) ("It is, of course, inappropriate to raise an argument for the first time in a [r]eply brief."); *Elizabethtown Water Co. v. Hargord Cas. Ins. Co.*, 988 F. Supp. 447, 458 (D.N.J. 1998) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted.").

While new reply brief arguments might be appropriately raised in response to submissions by the opposing party, *see, e.g.*, *Bayer AG v. Schein Pharmaceutical, Inc.*, 129 F. Supp. 2d 705 (D.N.J. 2001) (accepting arguments raised in a reply brief as a fair response to an opposing party's affidavit), given that the Proposed Complaint fails to state coherent claims, the Court again finds it unnecessary to analyze this point further. Moreover, Judge Bongiovanni relied upon established case law when reaching her decision to exclude the untimely arguments. For future reference, the Court reminds Plaintiff that, should he fail to raise an argument prior to a reply brief, he might submit an additional motion to amend and raise the argument properly in his moving papers.

Plaintiff also objects to Judge Bongiovanni's conclusion that there was no notice of or explanation of equitable tolling in the pleadings. [63-1]. Given that this is not an objection to Judge Bongiovanni's application of relevant law, and that this Court fails to find any hint of an equitable tolling argument in the Proposed Complaint, the Court must also reject this argument.

Finally, Plaintiff objects to Judge Bongiovanni's conclusion that the Proposed Complaint would be prejudicial to Defendants. [63-1]. Plaintiff does not appear to challenge Judge Bongiovanni's legal reasoning in this case, but simply seems to disagree with her conclusion. [63-1]. The Court does not find, however, that Judge Bongiovanni abused her discretion in determining that such a massive amendment and supplement to the Complaint would be prejudicial to Defendants, even if the proposed causes of action were successfully pled.

## CONCLUSION

For the forgoing reasons, Plaintiff's Appeal of Judge Bongiovanni's September 10, 2012 Order is denied. An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: January 29, 2013