NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jesse J. AVERHART,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNICATIONS WORKERS OF AMERICA, et al.,<br><br>Defendants. | Civ. No. 10-6163<br><br>OPINION |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion for Consolidation filed by Plaintiff Jesse J. Averhart ("Plaintiff"). (Docket Entry No. 89). Defendants Communication Workers of America Local 1033 and Rae Roeder (collectively, "Defendants") oppose the motion.[1] (Docket Entry No. 91). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Plaintiff's Motion for Consolidation is denied.

---

[1] Plaintiff filed an identical motion for consolidation in the other action, *Averhart v. CWA Local 1033, et al.*, Civ. No. 13-1093. (Case No. 13-1093: Docket Entry No. 13). The Court notes that Defendants Communication Workers of America, Lawrence Cohen, Christopher Shelton, and Hetty Rosenstein opposed the motion in that case, although they have entered no such opposition to the motion for consolidation filed in this case. (Case No. 13-1093: Docket Entry No. 18).

## II. BACKGROUND

Plaintiff initiated this lawsuit ("First Action") in New Jersey Superior Court, and it was subsequently removed to federal court on November 24, 2010. (*See* Docket Entry No. 1). In his complaint, Plaintiff alleged that (1) Defendants violated the Communication Workers of America's Constitution ("CWA Constitution") by failing to organize unorganized members; (2) Defendants violated the CWA Constitution by failing to fully disclose financial disbursements of union dues; and (3) Defendants violated the CWA Constitution and Title IV of the Labor-Management Reporting and Disclosure Act ("LMRDA") by failing to provide secret ballot voting for the election of officers in 2005 and 2008. (*Id.*).

Approximately one year later on November 21, 2011, Plaintiff sought leave to amend his complaint. (Docket Entry No. 39). Specifically, Plaintiff sought to add allegations concerning the union's 2011 officer elections, as well as to add new claims pertaining to the 2005 and 2008 elections. (*See* Docket Entry No. 39, Attach. 2). In particular, Plaintiff sought to add claims under Title I and Title V of the LMRDA, which he claimed to have only learned of in one of this Court's opinions, as well as claims under state common law. (*See id.*) Additionally, Plaintiff sought leave to amend the complaint to add 39 new defendants. (*See id.*).

Magistrate Judge Tonianne Bongiovanni denied Plaintiff's motion to amend on May 3, 2012. (Docket Entry Nos. 49, 50). Judge Bongiovanni held, in relevant part, that (1) amendment to add Plaintiff's proposed claims under Title 1 and Title V of the LMRDA would be futile; (2) amendment to add Plaintiff's proposed state law claims would cause undue prejudice to Defendants; and (3) Plaintiff had not shown that any of the proposed new defendants had received adequate notice of the lawsuit such that Plaintiff's amendment would relate back to the date of the filing of the complaint. (Docket Entry No. 49 at 10-15). Plaintiff filed a motion for

reconsideration, (Docket Entry No. 51), which was denied on September 10, 2012, (Docket Entry Nos. 60, 61). On September 24, 2012, Plaintiff appealed Judge Bongiovanni's ruling, (Docket Entry No. 63), and that appeal was also denied on January 30, 2013, (Docket Entry Nos. 84, 85).

On February 25, 2013, Plaintiff initiated another lawsuit ("Second Action"), which named the same defendants as the First Action as well as Diane Spence-Brown, Anthony Miskowski, Dennis Reiter, and Annie Hill, whom Plaintiff had unsuccessfully sought to add by amendment in the First Action. (*See* Compl., Averhart v. CWA Local 1033, No. 13-1093 (D.N.J. Feb. 25, 2013), Docket Entry No. 1). In this Second Action, Plaintiff seeks relief for violations of Title I and Title V of the LMRDA, the CWA Constitution, the Labor Management Relations Act, and state common law, arising primarily out of Defendants' conduct in 2011. (*Id*.).

On May 22, 2013, Plaintiff filed this motion to consolidate the two actions. (Docket Entry No. 89). The Court now considers Plaintiff's motion.

### III. ANALYSIS

Federal Rule of Civil Procedure 42 provides that:

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED.R.CIV.P. 42(a). "Rule 42 gives the district court 'broad powers to consolidate actions involving *common questions of law or fact* if, in its discretion, such consolidation would facilitate the administration of justice.'" *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993) (internal citations omitted). Thus, "[c]onsolidation is appropriate to avoid unnecessary costs and/or delay, and to promote judicial economy." *Id*. at

3

80-81 (citations omitted). "The mere existence of common issues, however, does not require consolidation." *Id*. at 81. "The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." *Id*.

Here, Plaintiff contends that consolidation is appropriate because the two cases have "nearly identical" underlying facts. (Docket Entry No. 89 at 2). Defendants contest this characterization, noting that while both complaints contain allegations concerning the union's organizing efforts and financial reporting, they differ in that the Second Action concerns the 2011 election and the First Action concerns the 2005 and 2008 elections. (Docket Entry No. 91 at 3). Furthermore, they note that the Second Action's complaint names new defendants. (*Id*.).

Defendants also argue that consolidation will not advance the interests of judicial economy or the administration of justice. (*Id*.). In particular, they point out that consolidation will further delay the First Action, which was initiated approximately two and a half years ago, has completed paper discovery, and is prepared to begin depositions. (*Id*.). Defendants also express concern that consolidation will produce new allegations due to the vague and imprecise nature of Plaintiff's pleadings. (*Id*.). As such, they request that the Court defer the issue of consolidation until depositions in the First Action are complete.

The Court is inclined to agree with Defendants that consolidation is not warranted at this time. First, the Court notes that Plaintiff appears to be seeking consolidation to circumvent the rules pertaining to amendment. Plaintiff was previously denied leave to amend his complaint in the First Action to add precisely those defendants and claims that appear in the Second Action. In essence, Plaintiff seeks through this motion for consolidation to do exactly that which he was refused permission to do when this Court denied his motion to amend. Such circumvention of

4

the rules pertaining to the amendment of complaints, however, is simply not permitted. *McKenna v. City of Philadelphia*, 304 F. App'x 89, 93 (3d Cir. 2008) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)) ("The District Court was bound . . . to insure that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed . . . including filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."). As such, it appears that consolidation may not be appropriate on this basis alone.

Although Plaintiff's motion appears to be an effort to circumvent the rules of amendment, it is not necessary for the Court to rely on this basis in denying Plaintiff's motion for consolidation. Consolidation at this time simply does not promote the interests of judicial economy and justice. In reaching this conclusion, the Court notes that the First Action has experienced significant delays, having only completed paper discovery despite over two and a half years of litigation. Consolidation would inevitably delay this case further – a result the Court seeks to avoid. As such, the Court declines to consolidate the two actions at this time. If at the conclusion of depositions Plaintiff persists in his desire to consolidate the two cases, he may make such a motion at that time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Consolidation is denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: June 26, 2013