NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Jesse J. Averhart,

       Plaintiff,

v.

Communications Workers of America, et al.,

       Defendants.

Civ. No. 10-6163

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon Plaintiff's Motion for an Order Granting Voluntary Dismissal pursuant to Rule 41(a)(2). (Doc. No. 98). Defendants oppose this motion. (Doc. Nos. 102 and 103). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will deny Plaintiff's motion.

## BACKGROUND

Plaintiff has been an unsuccessful candidate for the presidency of CWA Local 1033 (a defendant in this matter) on three different occasions. (Doc. No. 102). Plaintiff has filed two lawsuits contesting these elections. (Doc. No. 102). The present lawsuit concerns elections in 2005 and 2008. This lawsuit began on October 25, 2010 when Plaintiff filed the initial complaint in state court, alleging common law breach of contract and breach of fiduciary duty. (Doc. No. 1). On November 24, 2010, this matter was removed to this court. (*Id.*).

On February 25, 2013, Plaintiff filed a second complaint contesting the 2012 CWA Local presidential election. *See Civ. Action No. 13-1093*.

Additionally, Plaintiff has unsuccessfully sought to remand this matter to state court, (Doc. No. 9), amend the initial complaint to add new parties and claims, (Doc. No. 39), disqualify counsel from joint representation of the defendants, (Doc. No. 67), consolidate Plaintiff's first and second actions, (Doc. No. 13), and disqualify counsel, (Doc. No. 14).

Plaintiff now moves to dismiss this action pursuant to Rule 41(a)(2).

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) provides that once a defendant files an Answer, a plaintiff may not voluntarily dismiss the action except upon an order of the court, "on the terms that the court considers proper." *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 728 F.Supp. 1142, 1146 (D.N.J. 1990). Whether a Rule 41(a)(2) dismissal should be granted is within the sound discretion of the court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d. Cir. 1974). Courts do not permit voluntary dismissals where the defendants would suffer "substantial prejudice." *Johnston*, 728 F.Supp. at 1146.

In determining whether a voluntary dismissal will cause prejudice, the Court considers the following factors: "(1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." *Assadourian v. Harb*, 2009 WL 2424704, at *3 (D.N.J. Aug. 6, 2009).

Here, an analysis of these factors shows that dismissal is improper. Plaintiff has filed a second Complaint, Civil Action No. 13-CV-1093, which addresses several issues that are also presented in the first Complaint. If the Court dismisses Plaintiff's first Complaint, Defendants

will be forced to re-litigate many issues that were addressed over the past three years. Additionally, Defendants have incurred substantial expenses in litigating this case over the past three years. The parties have completed paper discovery and have produced more than 4,000 pages of documents in connection with this action. Thus, dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) is not proper.

## CONCLUSION

For the reasons set forth above, the motion is denied.


*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Date: 2/7/14