UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE J. AVERHART,<br><br>    Plaintiff,<br><br>    v.<br><br>CWA LOCAL 1033; RAE ROEDER; DIANE SPENCE-BROWN; ANTHONY MISKOWSKI; DENNIS REITER; CWA LOCAL UNION; LAWRENCE COHEN; ANNIE HILL; and CHRISTOPHER SHELTON,<br><br>    Defendants. | Civil Action No. 10-6163 (AET)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently before the Court is the Plaintiff's, Jesse Averhart, ("Plaintiff") Motion for Leave to Amend and Restate Complaint ("Motion to Amend"). [Docket Entry No. 144]. Defendants Lawrence Cohen, Communications Workers of America, CWA Union, Annie Hill, and Christopher Shelton (collectively the "CWA Defendants") have filed an opposition to the motion. [Docket Entry No. 148]. Defendants CWA Local 1033, Anthony Miskowski, Dennis Reiter, Diane-Spence Brown, Rae Roeder, and proposed defendants Gaye Palmer and Walter Bliss (collectively the "Local Defendants") also have filed an opposition to the motion. [Docket Entry No. 149]. The Court has fully reviewed the papers submitted in support of, and in opposition to, the Plaintiff's motion. The Court considered the Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, the Plaintiff's motion is DENIED.

1

## I. Background and Procedural History

As the parties are familiar with the facts of this case, the Court will only recite the facts relevant to this motion. The Plaintiff's original complaint was filed on February 25, 2013 and contained six counts. In his first count, the Plaintiff claimed the CWA Union failed to provide union members notice of their LMRDA rights in violation of the Labor Management Reporting and Disclosure Act of 1959, ("LMRDA") Title 1 §105 (29 U.S.C. §415). The Plaintiff's second count claimed that the CWA Union failed to provide parity for public sector-only local unions because the CWA Constitution permitted local union delegates to opt-out of attending the National CWA Convention, thereby violating LMRDA §101(a)(1) (29 U.S.C. §411(a)(1)). The Plaintiff's third count alleged that the CWA Union mismanaged the CWA trust fund and did not accurately account for CWA Union finances, in violation of LMRDA Title V §501, (29 U.S.C. §501). In his fourth count, the Plaintiff alleged that the CWA Union breached the CWA Constitution in violation of the Labor Management Relations Act of 1947 ("LMRA") §301. Lastly, in his fifth and six counts, the Plaintiff alleged New Jersey common law breaches of fiduciary duty and breach of contract, respectively.

The Plaintiff now seeks to amend his complaint by dismissing his original count four, along with any "[s]tatements of failure to organize." [Docket Entry No. 144-1, at 2]. Additionally, the Plaintiff seeks to add two defendants. First, Gaye Palmer, the current President of the Local 1033 Union, in her individual and official capacities, and to allege against her that she was complicit in the unlawful activities of the Local 1033

2

Union. [See Docket Entry No. 144-3, at 20-22]. Plaintiff likewise names the independent counsel for the Local 1033 Union, Walter Bliss, Esq., and replaces his original forth count with a new fourth count against Mr. Bliss, alleging he aided and abetted a breach of fiduciary duty under New Jersey common law by renting office space from the Local 1033 Union. [See Docket Entry No. 144-3, at 33-34]. Lastly, the Plaintiff moved the breach of contract claims found in his original count six, to his amended count five; and has added an entirely new sixth count, alleging that his rights have continually been violated since the filing of his original complaint, and therefore he is entitled to relief under the Declaratory Relief Act, 28 U.S.C. §2201. [See Docket Entry No. 144-3, at 34-35].

In addition, the Plaintiff also wishes to "restate" his original counts one, two, three, and five, and add over 80 factual allegations to modify and bolster those counts. [See Docket Entry No. 144-3, at 7-29]. In the Plaintiff's restated first count, he continues to allege a violation of LMRDA Title I §105, and adds seven factual paragraphs to bolster his claim. [See Docket Entry No. 144-3, at 29-30]. In his second restated count, the Plaintiff continues to allege a violation of LMRDA §101(a)(1), but now also alleges that the CWA Constitution contained "unreasonable rules and regulations," that violate the LMRDA 29 U.S.C. §411(b). [See Docket Entry No. 144-3, at 30-31]. Plaintiff's third restated count continues to claim a violation of 29 U.S.C. §501, and adds factual allegations in support of the claim that relate to the parties' use, or approval of use, of union funds to pay legal fees, as well as allegations related to the 2014

3

election. [See Docket Entry No. 144-3, at 32-33]. In the Plaintiff's fifth restated count, he maintains the breach of contract claim found in his original count six for violations of the CWA constitution and Local 1033's bylaws. [See Docket Entry No. 144-3, at 34]. However, the Plaintiff has chosen to omit any and all factual allegations relating to this count, and instead "incorporates all preceding paragraphs as supporting the claim asserted." [See Docket Entry No. 144-3, at 34].

Due to the extensive nature of the amendments, they are too numerous to describe individually. Therefore, because the amendments will otherwise modify the causes of actions listed in his new and restated six counts; the Court will organize its analysis around the Plaintiff's causes of action contained in those counts. The Court also notes that neither the CWA Defendants nor Local Defendants has claimed that any amendments, whether adding claims, parties, or factual allegations, is barred by the statute of limitations, therefore the Court will not address that issue nor the accompanying relation back analysis.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 15 governs the amending of a complaint. Under Rule 15(a), leave to amend the pleadings is generally given freely. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

4

by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Only when these factors suggest that amendment would be "unjust" should the court deny leave. *Arthur v. Maersk, Inc*., 434 F.3d 196, 203 (3d Cir. 2006).

Similarly, in deciding whether or not to grant leave to amend under Rule 15(a)(2), "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Betchel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. See *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Delay alone, however, does not justify denying a motion to amend. See *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "undue,' placing an unwarranted burden on the court, or 'prejudicial,' placing an unfair burden on the opposing party" that the denial of a motion to amend is appropriate. *Adams v. Gould,* 739 F.2d 858, 868 (3d Cir. 1984).

 "An amendment [to a complaint] is futile when the proposed amendment would fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 213 F.3d 113,

115 (3d. Cir 2000).  In assessing futility, the District Court applies the same standard of legal sufficiency as it applies under Rule 12(b)(6).  *Id*.  In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party.  *Phillips v. County of Allegheny* 515 F.3d 225, 234 (3d Cir. 2008).  A complaint must state a plausible claim for relief on its face to survive a motion to dismiss under [Rule] 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Twombly,* 550 U.S. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id* at 555.  Mere conclusory statements do not suffice, and courts are not bound to accept legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

     Rule 8(a) contains the standards a pleading must contain to be valid.  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   FED.R.CIV.P. 8(a)(2).  Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] […] that the pleader is entitled to relief. *Ashcroft*, 556 U.S. at 679.  Similarly, when legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  *Id*.  When legal conclusions are not supported by factual allegations, a court may properly dismiss the complaint pursuant to Rule 12(b)(6).  *Id.*

**III.     Analysis**

In Plaintiff's restated count one, the Plaintiff continues to allege the CWA Defendants failed to provide union members with notice of their rights under the LMRDA, in violation of LMRDA §105; but also seeks to add seven new paragraphs claiming that the Defendants "evaded the statutory mandate for 55 years to maintain an oligarchic strangle hold [sic] of control;" "acted with ill-will or reckless disregard of the rights and interest[s]" of the Plaintiff and union members; breached duties of care, trust, and loyalty; and committed ultra vires acts that are "systemic violations involving a continuing policy or practice of discrimination on a union-wide basis[.]"  (See Docket Entry No. 144-3, at ¶159-165).

These amendments fail as futile because none of the Plaintiff's proposed amendments bolster the validity of the first count in any way. Nor do any of the aforementioned additional factual allegations strewn throughout the Plaintiff's draft complaint raise any potential claim of a decades-long policy of discrimination by the CWA Defendants to the level of plausibility. Contrarily, all of the Plaintiffs proposed additions are conclusions that do more to characterize, but not support, his first restated claim.  Therefore, because they add nothing to bolster the plausibility of the Plaintiff's first count, they serve no purpose and are futile. They are consequently denied.

In the Plaintiffs amended count two, the Plaintiff continues to claim a violation of the LMRDA Title I, § 101(a)(1), claiming that the CWA Constitution has failed to ensure the full and active participation of its members because it allows local delegates to opt-

7

out of attending the CWA National Convention. However, now the Plaintiff seeks to modify the cause of action to claim that the CWA Defendants have violated the LMRDA by providing "unreasonable rules and regulations in the CWA Constitution…[and] by failing to promote full and active participation […] through its creation, for 55 years, of a discriminatory policy with disparate impact upon members and classes of members – non-LMRDA reporting locals that only represents [sic] public workers are not protected by the LMRDA, permitting those rights to be violated," and allowing local union delegates to opt-out of attending the Convention. [See Docket Entry No. 144-3, at ¶169]. Essentially, the Plaintiff is claiming that because the LMRDA does not apply to his public sector-only local union, and because this allows the CWA Union to permit public sector-only local unions to opt-out of participating in the CWA National Convention, the CWA are violating the Plaintiff's equal rights under the LMRDA by allowing his Union to potentially abridge the Plaintiff's full participation in the business of his national union.

These amendments are likewise futile because they also fail to add to his underlying claim of a violation of the LMRDA Title I. The Court agrees that allowing public sector-only local unions to opt out of attending the National Union election may in fact create a scenario where less public-only union representatives attend, potentially reducing the level of participation of those public-only workers; however the Plaintiff does not show how this is impermissible under the LMRDA. The Plaintiff states that the provision allowing the opting-out of local union delegates was adopted intentionally to

8

prevent him from being able to fully participate in the affairs of his national union. However, the Plaintiff has not supported these assertions with any facts demonstrating a malign intent by either the Local or CWA Defendants. Contrarily, the exemption of public sector-only local unions from the LMRDA is not a discriminatory policy *created by* the CWA Union to intentionally discriminate against the Plaintiff, but instead was a choice made by Congress when it intentionally excluded from the definition of "employer" under the LMRDA, any "State or political subdivision thereof."  See 29 U.S.C. §402(e); see also *Beradi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 201 (3d Cir. 1990) ("A labor organization is not covered unless that organization represents, or is chartered to represent, or is actively seeking to represent employees of an employer as those terms are defined in the act […] the mere fact that a union admits some members who work for private employers is not enough to bring the union within this definition").  Therefore, because the Local Defendants are not bound by this provision of the LMRDA, they are not obligated to participate in the Convention. Correspondingly, the provision whereby local union delegates may opt out of participation in the national union convention does not plausibly rise to the level of an intentional discriminatory policy on the part of the CWA Union that would violate the Plaintiff's rights under LMRDA Title I. The Plaintiff is therefore denied leave to restate his second count.

The Court next will address the Plaintiff's restated count three. In his amended third count, the Plaintiff continues to allege a violation of Title V of the LMRDA (29

U.S.C. §501). However, he now also alleges that the CWA Defendants have failed to accommodate his demand for an accounting of various Local 1033 activities; and that that the Plaintiff, and similarly situated members of the Local Union had their "political rights [to know how their dues are expended]" violated. [See 144-3, at ¶ 176]. The Plaintiff also claims that the CWA Union Defendants have "schemed through the use of interstate mail to conduct a mail ballot election to defraud members" of a fair election, and thereby knowingly aided and abetted Local 1033 in breaching their contractual and fiduciary duties "proscribed [sic] by the CWA Constitution," and this deprived Plaintiff of his "political rights." [See 144-3, at ¶ 178]. Lastly, the Plaintiff attempts to include factual allegations that bring this claim to bear against two instances of allegedly impermissible conduct by the Local Union: the Conduct of the Local Union's 2014 election, and the payment of legal fees by the Local 1033 Union.

The Court will consider the Plaintiff's "political rights" theory, the allegations regarding the conduct of the Local Union's 2014 election, and the payment of legal fees by the Local 1033 Union in turn. First, the Plaintiff is denied leave to amend his claims to include the theory that his political rights have been violated because it would cause an undue delay. Permitting the Plaintiff to add allegations relating to the conduct of the Local's 2014 election would be exactly the type of amendment that was denied by this Court's May 2, 2012 Memorandum Opinion denying the Plaintiff's Motion to Amend. This case has been pending for approximately five years, and at least three since consolidation with the filing of the Plaintiff's Second Verified Complaint in 2012.

10

Permitting the Plaintiff to add an entirely separate instance of conduct, the cause of action of which is almost identical to the cause of action that was dismissed in favor of the Defendants in the District Court's January 6, 2015 Order would force the Defendants to retread old ground, wasting both the Court's and the Defendant's time. Indeed, the proposed amendment would likely require the parties and the Court to devote significant additional time and resources on this case and would most certainly delay its already long overdue resolution. As such, the Court finds the proposed amendment to be unduly burdensome and unduly prejudicial. Leave to amend is, therefore, denied.

Lastly, the Plaintiff's proposed amendments seeking to add factual allegations surrounding the union's payment of legal fees are also futile. The Plaintiff has not alleged any facts that would allow the Court to draw a reasonable inference that a fiduciary duty was in fact violated. Therefore, because these allegations are not supported by the facts necessary to raise them to the level of plausibility required by Rule 8, they fail as futile.

The Court will now consider the Plaintiff's fourth claim. In his fourth count the Plaintiff alleges that Mr. Bliss aided and abetted a breach of fiduciary duty under New Jersey common law. Specifically, in two paragraphs, the Plaintiff states that Bliss aided and abetted the Local Defendants with knowledge that their conduct constituted a breach of their fiduciary duties and gave substantial assistance or encouragement in pursuit of said breach of fiduciary duties. [See Docket Entry No. 144-3, at ¶186]. Additionally, the Plaintiff states that by renting office space from the Local 1033 Union, he "created the possibility of overreaching by clouding his independent professional judgment" in

11

providing counsel to the Local Defendants. [See Docket Entry No. 144-3, at ¶ 187]. These actions, the Plaintiff states, continue to violate the Plaintiff's relationship of trust and confidence. [See Docket Entry No. 144-3, at ¶ 188].

The Local Defendants argue that the Plaintiff's proposed fourth count adding Walter Bliss as a defendant, is not supported by sufficient factual allegations to raise his claims above the speculative level, rendering the amendment futile. The Local Defendants also argue that permitting proposed amendments would be unduly prejudicial. Specifically, the Local Defendants note that that the rules of professional conduct have not been violated as renting office space is not *per se* a violation of RPC 1.8. Additionally, the Local Defendants argue that the Rules of Professional Conduct also do not create a private right of action.

The Court agrees with the Local Defendants' argument that the proposed fourth count alleged against Mr. Bliss is too speculative to state a claim for which relief can be granted and is therefore futile, although for different reasons. While the Plaintiff alludes to a transaction that may implicate a violation of the rules of professional conduct, he is not claiming that a rule of professional conduct has been violated. Plaintiff's proposed claims against Mr. Bliss are not supported by any factual allegations that he [Mr. Bliss] violated a rule of professional conduct. Instead the Plaintiff is alleging that the potential clouding of Mr. Bliss's independent judgment aided and abetted the Local Defendant's misconduct. This amendment fails the required pleading standard for Rule 8(a)(2) because the Plaintiff has not alleged the facts required to shift this proposed amended

12

claim from being "possible," to being "plausible." The Plaintiff states in his own amendments that Mr. Bliss's renting of office space raises "the possibility" that Mr. Bliss's independent judgment was impaired, but the Plaintiff has not alleged facts showing that Mr. Bliss's independent judgment was in fact impaired. Additionally, even if the Plaintiff had alleged those facts, he has not alleged any facts to show how this impairment aided or abetted the misconduct of the Local Defendants. Therefore, because this amendment has not set forth facts to plausibly show that the Plaintiff is entitled to relief, this amendment fails the required pleading standard for Rule 8(a)(2) and is futile. It is consequently denied.

The Court also finds Plaintiff's proposed fifth count to be futile. The Plaintiff has not made any attempt to state which facts pertain to his amended fifth count, and instead has incorporated all preceding paragraphs as supporting the claim asserted. The Court and the Defendants are therefore left guessing as to which facts support this claim. A claim must be plausible on its face and it is the Plaintiff's responsibility to clearly articulate the claim as well as the facts upon which it is based. Neither the Defendants nor the Court are responsible for construing the Plaintiff's claims for him .

Additionally, while the Plaintiff argues that the Court is entitled to rely on "referenced attachments to the complaint" to further support the claims asserted, this does not allow the Plaintiff to obscure which facts he is actually re-alleging. Instead, all facts must be set forth in the complaint. Although the Plaintiff contends in his reply that the proper remedy for his "conceded […] shotgun pleading" is a Rule 12(e) Motion for a

More Definite Statement, the Court finds that allowing the Plaintiff to have another attempt to make a proper claim would allow the Plaintiff far too many chances to bite at the same apple. The Plaintiff was or should have been aware of his pleading obligations at the time he moved to amend. He elected to present a shotgun pleading to his detriment. Therefore, the Plaintiff is denied leave to amend his fifth count.

The Court next turns its attention to the Plaintiff's new sixth cause of action adding a claim for declaratory judgment pursuant to 28 U.S.C. § 2201. The Court denies the Plaintiff's sixth count, because the Plaintiff's claimed generalized violations on the part of both Defendants does not contain the facts required to raise any continuing violation has occurred that allegedly occurred beyond the speculative level. As a result, the Plaintiff's proposed sixth count is denied as futile.

Although the Court has addressed the entirety of the Plaintiff's new and restated counts, the Court separately addresses the Plaintiff's request to add Gaye Palmer as a Defendant. In his proposed Amended Complaint, the Plaintiff includes allegations against Gaye Palmer in paragraphs 109, 112-114 stating that Palmer was in a treasury building campaigning and that Palmer further used her work email to promote her candidacy and used local resources to promote her candidacy in violation of 29 U.S.C. 481 § 401(g). Notably, Palmer is named as an individual defendant in the caption but has not had a count alleged against her separately; rather, all mention of Palmer is found under the Local 1033 "fact matter" paragraph. The Court therefore assumes that her alleged misconduct is to be alleged concomitantly with the Local Union's alleged misconduct of

14

failing to provide reasonable rules and regulations to the election of Local Union Officers. However, because the Plaintiff's amendments do not establish the claims for which Gaye Palmer would be liable, the amendments fail as futile. Plaintiff's request to add Gaye Palmer as a Defendant is denied.

### IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to Amend and Restate Complaint is hereby DENIED. An appropriate Order follows.


Dated: December 29, 2015.                s/Tonianne J. Bongiovanni
                                         **TONIANNE J. BONGIOVANNI**
                                         **UNITED STATES MAGISTRATE JUDGE**