NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE J. AVERHART,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMUNICATIONS WORKERS OF AMERICA, LAWRENCE COHEN, CHRISTOPHER SHELTON, HETTY ROSENSTEIN, CWA LOCAL 1033, and RAE ROEDER,<br><br>               Defendants. | Civ. No. 10-6163<br>Civ. No. 13-1093<br>(Consolidated)<br><br>OPINION |
| JESSE J. AVERHART,<br><br>               Plaintiff,<br><br>   v.<br><br>CWA LOCAL 1033, RAE ROEDER, DIANNE SPENCE-BROWN, ANTHONY MISKOWSKI, DENNIS REITER, CWA UNION, LAWRENCE COHEN, ANNIE HILL, and CHRISTOPHER SHELTON,<br><br>               Defendants. | |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter is before the Court upon pro se Plaintiff Jesse Averhart's Motion to Certify March 1, 2016 Orders for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), Or; Alternately Entry of Final Judgment Pursuant to Rule 54(b). (ECF No. 168). Defendants oppose. (ECF Nos. 170, 171). The Court has decided the motion based on the written submissions of the

1

parties and without oral argument pursuant to Local Civil Rule 78.1(b).  For the reasons stated herein, Plaintiff's motion will be denied.

## BACKGROUND

This case has been actively litigated for over five years.  As the parties are familiar with the facts of this case, the Court will only briefly recite the facts relevant to this motion.  Plaintiff's complaint focuses on the national union Communications Workers of America ("CWA") and CWA Local 1033, and their alleged violations under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") and the Labor Management Relations Act of 1947 ("LMRA").  In May 2015, Plaintiff moved to amend his complaint.  (ECF No. 144).  Magistrate Judge Tonianne J. Bongiovanni denied Plaintiff's motion.  (ECF No. 155).  Plaintiff appealed her decision, and this Court denied Plaintiff's appeal.  (ECF No. 167).

Plaintiff's current motion requests that this Court certify two questions to the Third Circuit Court of Appeals.  (ECF No. 168).  In the alternative, Plaintiff requests that this Court enter judgment on the first three counts of his complaint.  (*Id.*).  Defendants oppose both requests.  (ECF Nos. 170, 171).

## LEGAL STANDARDS

A district court may grant leave to file an interlocutory appeal under 28 U.S.C. § 1292(b).  The district court may certify questions to the circuit court when the moving party can show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, *and* (3) an immediate appeal may materially advance the ultimate termination of the litigation.  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).  The decision to grant certification is within the district judge's discretion, even if all three criteria are present.  *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).  Section 1292(b) certification should be

used rarely since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." *Kapossy*, 942 F. Supp. at 1001 (quotation and citation omitted).

## ANALYSIS

### I. Plaintiff's Questions for Interlocutory Appeal

Plaintiff requests that this Court certify the following two questions:

1. Whether the Labor Management Reporting Disclosure Act ("LMRDA" or "Act") protects members of a public-employee local union from the actions of that local's parent where the parent is a mixed union; and

2. Whether the Third Circuit will adopt a Title I claims standard based upon: (1) universal discriminatory suffrage that is equally applied to all members in the Second Circuit, or; (2) equal rights to a meaningful vote, notwithstanding universal suffrage adopted by the D.C. Circuit.

(Pl.'s Br., ECF No. 168 at 2). The Court will briefly analyze these questions under the three required criteria for certification.

### A. Controlling Question of Law

A question is "controlling" when an incorrect answer to the question would lead to reversal on appeal. *Katz*, 496 F.2d at 755. "Controlling" can also mean "serious to the conduct of the litigation, either practically or legally." *Id.* Plaintiff asserts that this Court's March 1, 2016 opinion and order denying Plaintiff's appeal "involves a controlling question of law because the Certifiable Questions are central to the conduct of the litigation both practically and legally, and, if decided erroneously, would lead to reversal on appeal." Pl.'s Br. at 5. However, the March 1, 2016 opinion did not discuss either of Plaintiff's questions. Moreover, aside from repeating the phrases that define a "controlling question of law" Plaintiff does not offer an

3

argument for why these questions are controlling.  Therefore, Plaintiff fails to meet the first criterion for certification.

### B. Substantial Ground for Difference of Opinion

Failing to meet the first criterion demonstrates that Plaintiff's questions do not merit a Section 1292(b) certification.  However, for the sake of completeness, the Court will briefly examine the remaining criteria.  A difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Kapossy*, 942 F. Supp. at 1001.  Mere disagreement with the district court's ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes. *Id.*  To the extent that the cases Plaintiff discusses are relevant to his proposed questions for certification, Plaintiff does not present any conflicting legal standards.  Therefore, Plaintiff fails to meet the second criterion for certification.

### C. Materially Advance Termination of Litigation

A Section 1292(b) certification materially advances the litigation's ultimate termination when it will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive.  *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008).  A request for certification should be denied if it will result in a delay shortly before trial.  *See Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 212 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998).  Trial is currently set to begin in less than three months.  Dispositive motions are due in less than one month.  Allowing Plaintiff to pursue an interlocutory appeal at this point would result in unnecessary delays that would draw out an already lengthy litigation process.  Therefore, Plaintiff fails to meet the third criterion for certification.

## II. Plaintiff's Motion Under Rule 54(b)

Since this Court will not certify Plaintiff's questions to the Third Circuit Court of Appeals, Plaintiff moves for this Court to enter judgment on the first three counts of his

complaint pursuant to Federal Rule of Civil Procedure 54(b). (Pl.'s Br. at 1). Plaintiff offers to voluntarily dismiss Count Four, and wishes to retain his state law claims in Counts Five and Six. (*Id.* at 14). The purpose of Rule 54(b) is to allow courts to enter partial final judgments that resolve a subset of distinct claims in complex cases. *See Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001). The rule allows courts to avoid the usual bar against partial final judgments in cases where "sound judicial administration" would be furthered by a partial final judgment. *See id.*

The circumstances of this case do not warrant a partial final judgment under Rule 54(b). Separating Plaintiff's claims would not advance the litigation at this stage. Discovery is complete, and dispositive motions are due in less than one month. The Court will be well-equipped to rule on all of Plaintiff's claims once dispositive motions are submitted. Plaintiff's apparent desire to proceed immediately to the Third Circuit is not a sufficient reason to enter final judgment on a subset of Plaintiff's claims.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion will be denied. An appropriate order will follow.

                                                              */s/ Anne E. Thompson*
                                                          ANNE E. THOMPSON, U.S.D.J.

Dated: March 23, 2016