NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE J. AVERHART,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMUNICATIONS WORKERS OF AMERICA, LAWRENCE COHEN, CHRISTOPHER SHELTON, HETTY ROSENSTEIN, CWA LOCAL 1033, and RAE ROEDER,<br><br>    Defendants. | Civ. No. 10-6163<br>Civ. No. 13-1093<br>(Consolidated)<br><br>OPINION |
| JESSE J. AVERHART,<br><br>    Plaintiff,<br><br>    v.<br><br>CWA LOCAL 1033, RAE ROEDER, DIANNE SPENCE-BROWN, ANTHONY MISKOWSKI, DENNIS REITER, CWA UNION, LAWRENCE COHEN, ANNIE HILL, and CHRISTOPHER SHELTON,<br><br>    Defendants. | |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter is before the Court upon multiple motions for summary judgment. Pro se Plaintiff Jesse J. Averhart ("Plaintiff") has moved for summary judgment. (ECF No. 175). Defendants CWA Union, Lawrence Cohen, Christopher Shelton, and Annie Hill ("the CWA Defendants") oppose. (ECF No. 182). Defendants CWA Local 1033, Rae Roeder, Diane

1

Spence-Brown, Anthony Miskowski, and Dennis Reiter ("the Local 1033 Defendants") also oppose. (ECF No. 183). The CWA Defendants and the Local 1033 Defendants have also moved for summary judgment. (ECF Nos. 176, 177). Plaintiff opposes. (ECF No. 181). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion will be denied, while the CWA Defendants' and the Local 1033 Defendants' motions will be granted.

## BACKGROUND

This case has been actively litigated for over five years. As Plaintiff and all the defendants are already familiar with the facts of the case, this opinion will only include those facts relevant to the current motions. Plaintiff is a member of Local 1033, a chartered local union comprised solely of public sector workers. (Defs.' Statement of Undisputed Material Facts at ¶¶ 1-3, ECF No. 176-4). The Communications Workers of America ("CWA") is the parent union of Local 1033; some of its local chapters are comprised solely of public sector workers, like Local 1033; some are private sector only; and some local chapters are comprised of both private and public sector workers. The CWA and Local 1033 are governed by the Communications Workers of America Constitution ("CWA Constitution"). (Pl.'s Statement of Undisputed Material Facts at ¶ 8, ECF No. 175). Defendants Lawrence Cohen, Christopher Shelton, and Annie Hill are past or present officers of the CWA. (*See* Pl.'s Compl. at ¶¶ 14-16, ECF No. 176-6). Defendants Rae Roeder, Diane Spence-Brown, Anthony Miskowski, and Dennis Reiter are past or present officers of Local 1033. (*See id.* at ¶¶ 22-25).

In 2010, Plaintiff filed a complaint (the "2010 Complaint") in state court seeking declaratory and injunctive relief for alleged violations of the CWA Constitution. (*See* ECF No. 1, Ex. A). Shortly thereafter, several of the defendants properly removed the 2010 Complaint to federal court. (*Id.*). In 2013, Plaintiff filed another complaint (the "2013 Complaint") against

2

many of the same defendants listed in the 2010 Complaint, as well as a few additional defendants. These cases have been consolidated into the present case. (ECF No. 112). After completing discovery for the claims stated in the 2010 Complaint, all of the defendants listed in the 2010 Complaint moved for summary judgment. (ECF Nos. 120, 121). The Court granted summary judgment in favor of all defendants on all claims in the 2010 Complaint. (ECF No. 137).

Discovery and motion practice continued for the 2013 Complaint. Plaintiff's 2013 Complaint contains six counts. In his first count, Plaintiff alleges that the CWA Defendants failed to notify Plaintiff and other similarly situated individuals of their rights under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), in violation of Title 1, Section 105 of the LMRDA. (Pl.'s Compl. at ¶¶ 107-09, ECF No. 176-6). In Plaintiff's second count, he alleges that the CWA Defendants discriminated against Plaintiff and suppressed election complaints, thereby violating Title 1, Section 101(a)(1) of the LMRDA. (*Id.* at ¶¶ 111-14). Plaintiff's third count states that Plaintiff previously accused the Local 1033 Defendants of fraud, self-dealing, and misappropriation of member dues, and that the CWA Defendants failed to secure an accounting or otherwise respond appropriately to Plaintiff's accusations. Plaintiff alleges that this violates Title V, Section 501 of the LMRDA. (*Id.* at ¶¶ 117-20). Plaintiff's fourth count alleges that all defendants have materially breached the CWA Constitution. (*Id.* at ¶¶ 122-24). Lastly, in his fifth and six counts, Plaintiff alleges breach of fiduciary duty and breach of contract under New Jersey common law. (*Id.* at ¶¶ 126-29).

Plaintiff, the CWA Defendants, and the Local 1033 Defendants all filed motions for summary judgment on all claims in the 2013 Complaint. (ECF Nos. 175-77). These motions are presently before the Court.

## **LEGAL STANDARD**

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## **ANALYSIS**

### I. **Plaintiff's Motion for Summary Judgment**

Plaintiff seeks summary judgment in his favor as well as an order for injunctive relief. (Pl.'s Mot. Summ. J., ECF No. 175). In support of his motion, Plaintiff submitted a Statement of Undisputed Material Facts pursuant to Local Rule 56.1. (ECF No. 175). Rule 56.1 states:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. . . . Each statement of

material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

Plaintiff later submitted exhibits along with his opposition brief. (ECF No. 181). The exhibits are: (1) a letter from the U.S. Department of Labor concluding that no violations that may have affected the outcome of the CWA's 2015 election occurred; (2) sections of the CWA's Form LM-2 Labor Organization Annual Report; (3) excerpts from the proceedings at the 2013 CWA Annual Convention; (4) excepts from the proceedings at the 2015 CWA Annual Convention; (5) a list of delegates at the 2014 Presidents Meeting; and (6) sections of the CWA Uniform Operating Practices Manual.

Plaintiff's Statement of Undisputed Material Facts and exhibits do not adequately support his motion for summary judgment. Neither Plaintiff's Statement of Undisputed Material Facts nor Plaintiff's belatedly submitted exhibits provide evidence of any of the wrongdoing alleged in the 2013 Complaint such that Plaintiff may prevail as a matter of law. The exhibits appear to be authentic records related to the CWA, but Plaintiff does not explain how they provide evidence of the allegations in his 2013 Complaint. In contravention of Rule 56.1, Plaintiff's Statement is full of legal conclusions and bare allegations copied directly from his 2013 Complaint, instead of facts that could support Plaintiff's motion. (*See, e.g.* Pl.'s Statement of Undisputed Material Facts at ¶ 13, ECF No. 175 (copying language directly from ¶¶ 111-13 of Plaintiff's 2013 Complaint that accuses the CWA Defendants of acting "egregiously invidious and insidious" so that Plaintiff was ultimately discriminated against)). Therefore, Plaintiff's motion for summary judgment will be denied.

## II.     The CWA Defendants' Motion for Summary Judgment

The CWA Defendants seek summary judgment in their favor on all counts of the 2013 Complaint. (ECF No. 176). The Court will analyze each count sequentially.

### A. Count One

Plaintiff's first count alleges that the CWA Defendants failed to notify Plaintiff and other similarly situated individuals of their rights under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"). (Pl.'s Compl. at ¶¶ 107-09, ECF No. 176-6). Plaintiff alleges that this failure violated Title 1, Section 105 of the LMRDA, codified at 29 U.S.C. § 415. (*Id.*). Section 105 reads: "Every labor organization shall inform its members concerning the provisions of this chapter."

As a preliminary matter, the LMRDA does not cover unions that are comprised solely of public sector workers. *See Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 201 (3d Cir. 1990). So while the CWA is covered by the LMRDA, Local 1033 is comprised solely of public sector workers, and has accordingly been held to fall outside the purview of the LMRDA. *Pursell v. Spence-Brown*, No. 13-1571, 2015 WL 9216598, at *8-9 (D.N.J. Dec. 17, 2015). However, the CWA Defendants concede that when a public sector-only union like Local 1033 conducts an election for delegates to a parent union's convention, and that parent union *is* covered by the LMRDA because it has public and private sector workers (as the CWA does), then the LMRDA's procedural requirements for electing delegates applies. (Defs.' Br. at 15, ECF No. 176-2). This is a small exception to the general rule that the LMRDA does not apply to public sector-only unions like Local 1033.

Plaintiff alleges that the CWA violated Title 1, Section 105 of the LMRDA by not providing him and "similarly situated individuals" notice of their rights under the LMRDA. (Pl.'s Compl. at ¶ 108, ECF No. 176-6). Since the LMRDA applies to the CWA, Section 105 mandates that the CWA notify their members of their rights under the LMRDA. However, Plaintiff and other Local 1033 members have no rights under the LMRDA, aside from the small exception just described. The Third Circuit has stated that Title I, Section 105 may be satisfied

6

by ensuring that all new members receive a copy of a short summary of union members' rights and responsibilities under the LMRDA written by the Department of Labor. *Knight v. Int'l Longshoremen's Ass'n.*, 457 F.3d 331, 346 (3d Cir. 2006) (noting that "the DOL proposals would appear to satisfy the statutory requirement."). The Department of Labor summary does not mention the small exception described above. Nevertheless, Plaintiff himself has made clear, in a previous request to the CWA and in his opposition brief, that what he seeks is for the CWA to distribute the Department of Labor summary to its members. (Certification of Justin Schwam, Ex. 6, ECF No. 176-8; Pl.'s Opp. at 3, ECF No. 181).

Section 105 "requir[es] labor organizations to inform members what rights Congress has granted them." *Knight*, 457 F.3d at 345 (quoting *Thomas v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers*, 201 F.3d 517, 520 (4th Cir. 2000)). Its purpose is to make sure union members are informed of their rights so that they can exercise their rights. *See id.* Plaintiff cannot use Section 105 to demand notice of rights he does not have under the LMRDA. It is a patently illogical reading of the statute. The Court finds that this issue "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. Therefore, summary judgment will be granted in favor of the CWA Defendants.

### B. Count Two

Plaintiff's second count alleges: (1) that the CWA Defendants discriminated against Plaintiff in violation of Title 1, Section 101(a)(1) of the LMRDA; and (2) that the CWA Defendants violated the CWA Constitution by suppressing meritorious complaints about how previous elections were conducted, which also violated Title 1, Section 101(a)(1) of the LMRDA. (Pl.'s Compl. at ¶¶ 111-14, ECF No. 176-6).

Section 101(a) guarantees that all members of a labor organization:

> shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

29 U.S.C. § 411(a)(1). The Supreme Court has stated that Section 101(a) "[p]lainly [] is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote." *Calhoon v. Harvey*, 379 U.S. 134, 139 (1964).

While Section 101(a) of Title I is an anti-discrimination statute, Title IV establishes the rules for how elections must be conducted under the LMRDA. *Id.* at 138; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 531 (1972). If a union member wishes to allege that there was a violation of Title IV's election rules, the member must exhaust any internal remedies available under his union's constitution and bylaws, and then file a complaint with the Secretary of Labor. *Trbovich*, 404 U.S. at 531. This is the exclusive remedy a union member may pursue regarding a complaint about a previously held election. *Id.* Federal courts lack jurisdiction to hear such complaints. *See id.* at 532.

Plaintiff wishes to cast both his discrimination claim and his allegation that his previous election complaints were suppressed as violations of Title I, Section 101(a). The Third Circuit has explained that a court customarily analyzes whether a claim is properly a Title I or Title IV claim by examining "first, the timing of the lawsuit (was it filed and is it being disposed of before or after a union election?), and second, the nature of the underlying complaint (is it more easily characterized as a Title I, or as a Title IV, issue?)." *Kraska v. United Mine Workers of Am.*, 686 F.2d 202, 206 (3d Cir. 1982). Plaintiff's post-election timing and his underlying complaint both reflect that his allegation about the suppression of his previous election complaints is properly a Title IV issue. Therefore, this Court lacks jurisdiction over his allegations related to his previous election complaints.

The first portion of this count, Plaintiff's discrimination claim, is properly before this Court under Section 101(a).  However, Plaintiff does not provide evidence of discrimination sufficient to defeat a motion for summary judgment.  He describes the alleged discrimination in terms such as the "CWA Union's discriminatory policy of failing to advise members of their rights under LMRDA and permitting incumbents to write election rules."  (Pl.'s Mot. Summ. J. at 7-8, ECF No. 175).  He also points to alleged problems with past elections, such as not mailing nomination procedures or bylaws along with nominations notices, as evidence of the CWA's discriminatory policies.  (*Id.* at 8-9).  Plaintiff uses the word "discriminatory" but fails to explain how the above actions discriminated against any particular group.  Plaintiff does not provide evidence that he or a particular group were denied some privilege or right they should have been granted.  A Section 101(a) claim cannot succeed when a plaintiff has "not been discriminated against in any way and ha[s] been denied no privilege or right . . . which the union has granted to others."  *Calhoon*, 379 U.S. at 139.  Therefore, summary judgment will be entered in the CWA Defendants' favor on this count.

### C. Count Three

Plaintiff's third count alleges that Plaintiff previously accused the Local 1033 Defendants of fraud, self-dealing, and misappropriation of member dues, and that the CWA Defendants failed to secure an accounting or otherwise respond appropriately to Plaintiff's accusations.  Plaintiff alleges that this violates Title V, Section 501 of the LMRDA.  (Pl.'s Compl. at ¶¶ 117-20, ECF No. 176-6).  However, neither Section 501 nor the CWA Constitution require the CWA to secure an accounting in response to Plaintiff's accusations.  *See* 29 U.S.C. § 501; CWA Constitution Art. IX, Sec. 4 (ECF No. 179-7) (giving the Executive Board the authority to order an independent audit when they are convinced that an audit is necessary).  Moreover, Plaintiff admitted in his deposition that he has no proof that the Local 1033 Defendants ever engaged in

9

fraud. (Pl.'s Dep. at 147, ECF No. 176-7). The driving force behind his claim appears to be that defendants "won't tell me what I need to know" about Local 1033's finances. (*Id.* at 148). This is not a valid basis for a Title V claim; therefore, summary judgment will be entered in the CWA Defendants' favor on this count.

### D. Count Four

In Plaintiff's fourth count, he alleges that all defendants have materially breached the CWA Constitution. (Pl.'s Compl. at ¶¶ 122-24, ECF No. 176-6). Plaintiff made clear in his sworn deposition that he was voluntarily dismissing his fourth cause of action. (Pl.'s Dep. at 55-56, ECF No. 176-7). Oral dismissals on the record can be binding. *Role v. Eureka Lodge No. 434, I.A. of M & A.W.*, 402 F.3d 314, 318 (2d Cir. 2005) (holding that "a voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed."); *see also Young v. City of Pittsburgh*, 562 F. App'x 135, 141 (3d Cir. 2014) (holding that a plaintiff's oral representation that she would dismiss certain defendants can be enforced when the representation was reiterated in court filings, and the parties and the court relied upon her representation). Plaintiff's dismissal was voluntary, clear, explicit, unqualified, and on the record. Therefore, the Court finds that Plaintiff has dismissed his fourth count, and the CWA Defendants' motion for summary judgment on this count is moot.

### E. Counts Five and Six

Plaintiff's fifth and six counts allege breach of fiduciary duty and breach of contract under New Jersey common law. (Pl.'s Compl. at ¶¶ 126-29, ECF No. 176-6). In New Jersey, a fiduciary "is liable for harm resulting from a breach of the duties imposed by the existence of such a [fiduciary] relationship." *McKelvey v. Pierce*, 800 A.2d 840, 860 (N.J. 2002) (quoting *F.G. v. MacDonell*, 696 A.2d 697, 704 (N.J. 1997)). On a contract claim, the elements a plaintiff

10

must allege are: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Super 8 Worldwide, Inc. v. Hosp. Sols. of Kinston, Inc.*, No. 14-1025, 2015 WL 3904639, at *4 (D.N.J. June 19, 2015) (quotation omitted).

Both claims require that Plaintiff show a breach occurred. However, Plaintiff fails to provide any evidence of a breach of contract or a breach of fiduciary duty. In his brief supporting his motion for summary judgment, Plaintiff merely describes the standard for a breach of contract, states that the CWA Constitution and bylaws are a contract, and cites to 35 paragraphs from his Statement of Undisputed Material Facts. (Pl.'s Mot. Summ. J. at 13-14, ECF No. 175). Plaintiff's discussion of his breach of fiduciary duty claim is similar in that it quotes the relevant legal standard, and then cites to the same 35 paragraphs from Plaintiff's Statement of Undisputed Material Facts. (*Id.* at 12-13). These paragraphs are largely recitations of statutes or bare allegations copied from Plaintiff's complaint. (*See* Pl.'s Statement of Undisputed Material Facts at ¶¶ 12-47, ECF No. 175). In his opposition to the CWA Defendants' motion for summary judgment, Plaintiff does not address his state law claims except for one sentence about jurisdiction. (ECF No. 181 at 8). Since Plaintiff does not provide evidence for his state law claims, nor does he provide any relevant related evidence from his federal claims, summary judgment will be entered on these counts in favor of the CWA Defendants.

**III.     The Local 1033 Defendants' Motion for Summary Judgment**

The Local 1033 Defendants moved separately for summary judgment. (ECF No. 177). Since the Court finds that Plaintiff has failed to sufficiently establish the existence of essential elements of his case on each count, *Celotex*, 477 U.S. at 322, summary judgment will also be entered in favor of the Local 1033 Defendants on all counts except the fourth count, which Plaintiff voluntarily dismissed.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for summary judgment will be denied, while the CWA Defendants' and the Local 1033 Defendants' motions for summary judgment will be granted on all counts except Count Four, which Plaintiff voluntarily dismissed. An appropriate order will follow.

                                                          */s/ Anne E. Thompson*
                                                          ANNE E. THOMPSON, U.S.D.J.

Dated: May 9, 2016